Gorman, J.
This is a proceeding in error to reverse a judgment of the court of common pleas. The defendant in error, May Hackett, recovered a verdict and judgment against the plaintiff in error, in the court below, for the sum of $750, on account of personal injuries claimed to have been sustained by her on or about November 22, 1908, because of the sudden jerking of a car from which *98 she was alighting as a passenger near Eighth and John streets in Cincinnati.
Two grounds of error are claimed by plaintiff in error in its brief. The first is abandoned because of the decision of the supreme court, adverse to its contention on this point, in the case of Brogan v. The Cincinnati Traction Company, 91 Ohio St., 403.
This leaves but one ground of error to be considered by this court, to-wit: error of the trial court in refusing to admit in evidence a written and printed statement made by a witness the day after the accident occurred.
The record discloses that the defendant, for the purpose of showing that the plaintiff attempted to alight from the car before it had come to a stop and while it was in motion, offered a witness, Edward Pestrop, who testified that he was on the rear platform of the car on November 22, 1908, when plaintiff was alighting from the car. He remembered the day of the month and that it was Sunday at about 7:30 p. m. and near the corner of Eighth and John streets that the accident occurred. He was then asked:
“Q. Tell the jury what you remember about it, won’t you ?”
To which he replied:
“A. That is about all I remember. I don’t remember seeing the woman get off or don’t remember only what I have said on that statement there; that was my information of it at the time, the day after the accident.”
He was then shown a statement consisting of printed questions, some of which were answered, *99 and others not answered, in the handwriting of the witness and signed by him, purporting to have been made November 23, 1908, the day after the accident. The paper had been sent to him that day by the defendant, with the request that he fill in as many blank spaces as possible on the opposite side of the sheet of paper. The blank spaces filled in were in the handwriting of the witness. Among other questions and answers thereon were these three:
(Printed.) “Was the car standing or moving? If moving, how fast?
(In witness’s handwriting.) “Was moving slowly.”
(Printed.) “If there was anyone injured or any property destroyed please state extent of same.
(In witness’s handwriting.) “A woman fell while leaving the car.”
(Printed.) “What in your opinion was the direct cause of the accident?
(In witness’s handwriting). “The woman stepped from the car while it was in motion.”
After examining the paper he was asked if reading the paper refreshed his recollection as to whether or not he saw the woman as she stepped off the car or went off the car. He answered:
“No, I don’t remember seeing just how she stepped off now.” ' ¡
He was further asked:
“And looking at that paper, that does not bring it back to your mind ?”
“No sir,” he answered.
He said he saw the woman on the ground as she was being assisted to the sidewalk. He was *100 then asked if the statement was in his handwriting, and replied “yes.” He was asked if the statements made on the paper were correct. Objection was interposed and sustained by the court. To which ruling of the court counsel for defendant excepted and offered to show by the witness, if he were permitted to answer, that they were correct. Counsel for defendant then offered the paper in evidence. Objection was made and sustained, and an exception taken. The paper is attached to the bill of exceptions and made a part of the record. There were witnesses who testified that the car had come to a stop and as plaintiff was in the act of alighting it was suddenly started with a jerk, throwing her from the car. There were other witnesses who testified that she attempted to alight before the car had stopped and while it was in motion. The jury answered a special interrogatory that the injury was not caused by the manner in which the car was brought to a stop near John street.
Was it error for the court to exclude this paper ?
We think it was not. The only statement in the paper which can be claimed to aid the cause of the plaintiff in error is the one in answer to the question as to the witness’s opinion as to what was the direct cause of the accident. The question as to the opinion of the witness as to what was the direct cause of the accident was clearly objectionable, and if the witness had been asked that question directly, while on the stand, it would have been the duty of the court to sustain the objection, How then can it be claimed that the wit *101 ness’s opinion may be secured indirectly by admitting a paper in which he states his opinion as to the direct cause of the accident, when it could not be obtained directly from him while under oath upon the stand? The paper could not be admitted without admitting this objectionable question and answer, and therefore the .entire paper was properly excluded on this ground. It will be noticed that the witness was asked for his opinion as to the cause of the accident, not what was the cause of the accident., His answer' was an expression of his opinion as to the cause of the accident. His answer was tantamount to saying: “In my opinion the woman stepped from the car while it was in motion.” The next question on the paper, which he failed to answer, was: “Give a full account of the accident as witnessed by you,” etc. Furthermore, on the stand he testified that he did not remember seeing the woman get off the car. This further bears out the conclusion that in his answer to the question as to his opinion he was merely giving his opinion and not stating as a fact that she had stepped off the car while it was in motion.
Furthermore, we are of the opinion that this paper, which could be treated in no other light than as a memorandum- made by the witness not at the time of the accident but the next day, could be used only .for the purpose of refreshing his recollection or memory, if it could be used for that purpose, which is doubtful in view of the fact that it was not made until the next day. There are authorities, and some of them are cited by counsel for plaintiff in error in their brief, which *102 hold, that, while a court will not receive as evidence a memorandum which has served to refresh the recollection of a witness, yet, where after reading it a witness testifies that he has no recollection of the facts therein stated but that the memorandum was made by him at a time when the events recited were fresh in his recollection and is correct, such memorandum is admissible. An examination of these authorities will disclose that these are cases of book accounts, or transactions kept in the usual course of business and required to be kept in the course of business by the person making the memorandum or entries. But where the memorandum is prepared or made by the witness at the instance of an interested, party, as in this case it was, the court will not admit the memorandum in evidence or allow it to be used by the witness to refresh his recollection. 5 Jones on Evidence, Section 879, and 1 Wharton on Evidence (3 ed.), Section 523.
Where, however, the witness’s memory of the event is extinguished, and the memorandum is offered as substantive evidence, he testifying to it as correct, but recollecting nothing as to its contents, then it is inadmissible unless it is shown to be virtually coincident with the event. This is eminently the case when the concoction is in view of litigation. Steinkeller v. Newton, 9 Car. & P., 313, 315; Washington Ice Co. v. Webster, 68 Me., 449, 470; Church v. Perkins, 3 T. R., 749, 752, and Wigmore on Evidence, Sections 763, 902-905 (pp. 127, 139, Pocket Ed.)
In the case of Steinkeller v. Newton, supra, the witness 18 months before the trial drew up a pa *103 per at the request of the party calling him, and the court would not even permit him to refer to it to refresh his recollection, much less admit it in evidence.
We do not believe that any well-considered case can be found in which a paper such as this, prepared as this was prepared, at the request of a party to the suit, after the accident had occurred and not contemporaneous therewith, has been held admissible. We doubt the propriety of allowing the witness to use it to refresh his recollection, because of the manner in which it was procured — at the request of a party to the suit. However, we do not hold that it was not proper to use it to refresh the recollection of the witness, as it is not necessary to so hold; but we do hold that' no error was committed by the court in excluding it as substantive evidence.
There being no. other prejudicial error claimed to exist in thé record, the judgment of the common pleas court is affirmed.

Judgment affirmed.

Jones, E. H., and Jones, Oliver B., JJ., concur.