**STATE, Plaintiff-Appellee, v. DEAN, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4535.   Decided February 13, 1951.

Ralph J. Bartlett, Pros. Atty., George T. Tarbutton and Edmund B. Paxton, Asst. Pros. Attys., Columbus, for appellee. James F. Henderson, John H. Baker, Columbus, for appellant.

## OPINION

By WISEMAN, J.

This is a law appeal from the Common Pleas Court of Franklin County in a criminal case in which the defendant was found guilty of murder in the first degree with recommendation of mercy.

For his first assignment of error defendant claims there was no evidence produced to show that the crime was committed in Franklin County. An employee of the County Engineer's office was called as a witness who prepared a plat of certain locations in Franklin County, and this plat was introduced as State's Exhibit C. This plat shows roadways and streets extending from downtown Columbus to the place where the body was found on the bridge shortly after the crime was committed. During the examination of the employee who prepared the plat this question was propounded:

"Q. At the request of the Prosecuting Attorney did you prepare a plat of certain locations in Franklin County?

"A. I did."

A deputy sheriff who was called as a witness testified as follows:

"Q. You were the first there?

A. No, we had a cruiser there.

Q. Who was in that cruiser?

A. Frank Martin and John A. McFerin.

Q. They got there before you did?

A. Yes, they patrol that end of town and county."

In the case of **State v. Dickerson, 77 Oh St 34,** 82 N. E. 969, it was held that:

"In the prosecution of a criminal case, it is not essential that the venue of the crime be proven in express terms, provided it be established by all the facts and circumstances in the case, beyond a reasonable doubt, that the crime was committed in the county and state as alleged in the indictment."

In **Fry v. State, 43 Oh Ap pp. 154, 158,** 182 N. E. 695, it was held that:

"Venue of criminal prosecution may be laid in general terms."

In **State v. Schroyer, 66 Oh Ap 30,** 31 N. E. (2d) 469, and in **State v. Stewart, 79 Oh Ap 340,** 64 N. E. (2d) 252, this Court held that venue need not be established by direct evidence but it is sufficient if all the facts and circumstances in the case show beyond a reasonable doubt that the crime occurred in the city, county and state as alleged. In Vol. 22 C. J. S., page 291, it is stated that:

"Aside from any statutory provision, the finding of a body in a county would warrant a finding that the murder was committed in that county."

In our opinion there were sufficient facts presented to the jury from which they could conclude beyond a reasonable doubt that the crime was committed in Franklin County, State of Ohio.

In his second assignment of error the defendant claims that the Court committed error in permitting Clyde Blanton, a brother of the wife of the man who was killed, to testify after he had been in the court room during the testimony of the preceding witness. At the beginning of the trial the Court ordered a separation of witnesses. During the progress of the trial Clyde Blanton was called from Kentucky to testify. Upon arriving he entered the court room and was sitting in the court room while certain portion of the testimony was being given. It appears from the record that the witness was not informed that the Court had ordered a separation of witnesses. The Prosecuting Attorney made a statement to the effect that he did not know the witness was in the court room. Under these facts it became a matter of judicial discretion on the part of the trial judge to permit the witness to testify. There is no charge made in this case that the witness remained in the court room through connivance of the Prosecuting Attorney or in deliberate violation of the court order. Even under such circumstances the Court is vested with discretion to refuse or permit the examination of the witness. **Dickson v. State, 39 Oh St 73**; see also **Laughlin v. State, 18 Ohio, 99.**

Under the state of the record the Court is of the opinion that the trial judge properly exercised his discretion in permitting the witness to testify and no prejudicial error resulted in so doing.

Defendant claims the Court committed prejudicial error in instructing the jury after the jury had been deliberating for several hours. The charge of the Court was identical with the charge given by the Court in the case of Andrews v. State, 15 C. C. (N. S.) 241, in which it was held that:

"It is not an abuse of discretion for a trial judge to keep a jury out for forty hours in an important case and then send them back to their room with an admonition as to the importance to all concerned that they should agree upon a verdict."

We find that the charge was in all respects proper and that prejudicial error was not committed.

We do not find any prejudicial error in the Court reading a portion of its general charge to the jury when the jury was returned for further instructions. **Sec. 11420-6 GC**, expressly provides for giving additional instructions when requested by the jury. See **Richards v. State, 43 Oh Ap 212, 183 N. E. 36.**

The defendant claims that the Court committed prejudicial error in not granting motion for new trial on the basis of newly discovered evidence which could not have been obtained

with reasonable diligence prior to the trial. In our opinion the evidence which defendant incorporated in affidavits in support of the motion for new trial and which is made a part of the bill of exceptions does not constitute newly discovered evidence. It does not appear that this evidence is of such a character as probably to produce a different verdict on retrial. **Vol. 30 O. Jur. pp. 75, 81.**

Finding no error in the record prejudicial to the rights of the defendant, the judgment is affirmed.

HORNBECK, PJ, MILLER, J, concur.