MYNATT, PLAINTIFF-APPELLANT, *v.* DRENIK BEVERAGE DISTRIBUTING, INC., DEFENDANT-APPELLEE.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26144.   Decided March 14, 1963.

*Mr. William L. Blake* and *Mr. Ellis B. Brannon,* for plaintiff-appellant.

*Mr. Reese Dill* of *Messrs. Merkel, Campbell, Dill & Zetzer,* for defendant-appellee.

*Per Curiam.*   This is an appeal on questions of law from a judgment of the Court of Common Pleas of this county in favor of the defendant.   The action is one for personal injuries suffered by the plaintiff in an accident which occurred February 11, 1958, at the intersection of Miles Avenue and SOM Center Road in the Village of Moreland Hills, Ohio.

The plaintiff, a resident of Cleveland, was driving west on Miles Avenue in his passenger automobile and the defendant, through its driver, was operating a tractor-trailer unit north on SOM Center Road. The driver for the defendant did not testify. The only witness for the defendant was one John R. Santa, who was driving an automobile to the rear of the tractor-trailer unit northbound on SOM Center Road.

There are two assignments of error as follows:

1. The Trial Court committed prejudicial error in its charge to the jury.

2. The Trial Court erred in the admission of evidence.

Assignment of error No. 2 relates to a card dated February 11, 1958, which was carried by the truck driver, and had been given to a police officer after it was filled out by John R. Santa, a witness, which read as follows:

"Our Driver Is Required To Make A Full Report of This Occurrence. You will Oblige Him by Filling Out this Card.

Date February 11, 1958

"WERE YOU INJURED? No

"WAS OUR DRIVER AT FAULT? No

"NAME John R. Santa

"RESIDENCE 255 E. 200 Euclid, O."

After careful consideration, we have determined that the admission of this card into evidence was error prejudicial to the rights of the plaintiff. This statement of the witness is in effect the expression of an opinion upon an ultimate issue of fact to be determined by the jury. This declaration was not competent, and, therefore, not admissible, and by its admission, was prejudicial. This question has been decided by the Supreme Court in the cases of *Cottom* v. *Klein*, 123 Ohio St., 440, 175 N. E., 689; *Shepherd* v. *Midland Mutual Life Ins. Co.*, 152 Ohio St., 6, 87 N. E. (2d), 156. To the same effect generally, see also *Cincinnati Traction Co.* v. *Hackett*, 6 Ohio App., 97 and *The Kile Mfg. Co.* v. *Joseph Peterson*, 16 C. C. (N. S.), 330, and 21 Ohio Jurisprudence (2d), 415, Evidence, Section 409, Opinion as to Ultimate Issue of Fact.

We also believe the court committed prejudicial error in its charge to the jury, in particular, that part of the charge wherein it was stated "Actually, the driver of the automobile

crashing the light caused the accident." This statement reduced the question of negligence to a single issue and was misleading. The issue to be determined was which party was negligent and whether or not such negligence was the proximate cause of the accident and resulting injuries.

A further claim of error is made that the court charged on contributory negligence when such an issue, although made in the pleadings, was not supported by the evidence in the trial of the cause. However, in view of the conflict of evidence concerning the collision, we cannot say that the charge in this respect constituted prejudicial error.

For the reasons stated, the judgment of the trial court should be reversed and the cause remanded for further proceedings according to law.

HURD, P. J., ARTL and CORRIGAN, JJ., concur.