THE STATE OF OHIO, APPELLEE, *v.* KEHOE, APPELLANT.

(Nos. 772 and 780—Decided July 26, 1978.)

*Mr. Roger R. Ingraham,* prosecuting attorney, for appellee.

*Mr. James L. Burdon,* for appellant.

MAHONEY, P. J. The defendant, Kim Kehoe, appeals his conviction in a bench trial for complicity under R. C. 2923.03 in that he did solicit or procure one person to commit rape upon another in violation of R. C. 2907.02. We

reverse for failure to obtain a valid jury waiver prior to trial.

Defendant's trial counsel personally signed and filed a purported jury waiver as follows:

"Now comes the defendant and waives his right to jury trial pursuant to the Sixth Amendment to the U. S. Constitution and demands trial to the Court."

Robert G. Schultz Jr.
Attorney for Defendant"

The appellate brief of that trial counsel claims the judge's decision was contrary to the weight of the evidence. The defendant then changed attorneys and his new counsel was permitted to file an amended brief. That brief claims error as follows:

### Assignment of Error I

"The trial court committed error prejudicial to defendant-appellant in proceeding to a trial before the court without having received a valid waiver of jury trial.

### Assignment of Error II

"The court committed error by including a fine in its penalty.

### Assignment of Error III

"The court committed error prejudicial to defendant in overruling his motion for new trial for newly discovered evidence."

Crim. R. 23(A) provides in part:

"Trial by jury. In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. * * *"

We have examined the record, including the transscript of proceedings, and find nothing to indicate that the defendant knowingly, intelligently, and voluntarily waived his right to a jury trial in writing. Even assuming, arguendo, that after a full explanation and understanding, defendant could and did authorize his attorney to execute the waiver on his behalf, we find no evidence of any explanation by the court or any concomitant understanding by the defendant. Further assuming, arguendo, that we adopt the ratification theory urged in *Thompkins* v. *United*

*States* (D. C. 1969), 251 A. 2d 636, we find nothing in the record to support it. We, therefore, find the first assignment of error of the amended brief should be sustained as the defendant was denied his right to a jury trial.

We overrule the second assignment of error as we find no abuse of discretion in assessing a fine as part of the sentence. Nothing in the statute requires that the trial judge make affirmative findings or explain his sentence in the record.

We reject the third assignment of error in that we find no error or abuse of discretion in denying the motion for a new trial on the basis of newly discovered evidence.

We also find that the trial court's finding was supported by probative evidence in the record and, thus, we overrule the error assigned by the original trial counsel.

Accordingly, we reverse the judgment of conviction and remand this cause to the trial court for a new trial.

*Judgment reversed.*

BELL and VICTOR, JJ., concur.