THE STATE OF OHIO, APPELLEE, *v.* MOORE, APPELLANT.

(No. F-78-3—Decided November 10, 1978.)

*Mr. Roy Daniel Chinnis,* for appellant.
*Mr. Gregory W. Grover,* for appellee.

POTTER, P. J. This is an appeal from a judgment entered in the Fulton County Common Pleas Court finding defendant not guilty of gross sexual imposition, but guilty of two counts of "acting in a way tending to cause delinquency in a child."

On August 19, 1977, in the city of Swanton, defendant had certain conversations with two young girls, aged 4 and 9. In the opinion of the state, these conversations led to sexual contact between defendant and the two youngsters.

Defendant was charged with two violations of R. C. 2907.05(A)(3) and tried without a jury. At the culmination of the one-day trial, the court found defendant not guilty of the crimes charged, but guilty of two counts of the "lesser included offense of acting in a way tending to cause the delinquency of a child."

From the judgment and subsequent sentence, defendant now appeals.

He presents one assignment of error:

"The Trial Court Erred In Finding The Defendant Guilty of Lesser Included Offenses Which Do Not Exist As Such, Or, In The Alternative, In Usurping Juvenile Court Functions Contrary To Law."

Defendant was charged with two counts of gross sexual imposition, a violation of R. C. 2907.05(A)(3). He was found innocent of that charge, but guilty of "the lesser included offense of acting in a way tending to cause the delinquency of a child." Although the court cited no statute to identify this "lesser included offense," we assume that it was referring to R. C. 2151.41 (Abusing or contributing to delinquency of a child prohibited).

Crim. R. 31(C) provides, in pertinent part:

"***When the indictment, information, or complaint charges an offense including degrees, or if lesser offenses are included within the offense charged, the defendant may be found not guilty of the degree charged but guilty of an inferior degree thereof, or of a lesser included offense."

See also R. C. 2945.74. However, limitations have been placed on this rule. See State v. Kuchmak (1953), 159 Ohio St. 363, paragraph 3 of the syllabus:

"The doctrine of 'inferior degrees' or 'included offenses,' whereby an accused may be found not guilty of the offense charged but guilty of a lesser included offense, relates only to offenses of the same general character and not to distinct and independent offenses of different classes."

Defendant asserts that the R. C. 2907.05(A)(3) and 2151.41 offenses are so separate and distinct that the latter cannot be considered a lesser included offense of the former. We agree.

The essential elements of R. C. 2907.05(A)(3) are:

(1) Sexual contact;

(2) With a person other than the offender's spouse;

(3) The person is less than thirteen years of age.

The essential elements of R. C. 2151.41 are:

(1) Acting in a way tending to cause delinquency or unruliness;

(2) In a child.

The violations in question are found in separate chapters of the Revised Code and carry significantly different penalties (R. C. 2907.05(A)(3)—third degree felony; R. C. 2151.41—first degree misdemeanor). Further, the element of "acting in a way tending to cause delinquency or unruliness" cannot properly be included within the essential elements of R. C. 2907.05. See also *State* v. *Nolton* (1969), 19 Ohio St. 2d 133, at 135, as follows:

"On the contrary, if the trier could *reasonably* find against the state and for the accused upon one or more of the elements of the crime charged and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense, then a charge on the lesser included offense is both warranted and required, not only for the benefit of the state but for the benefit of the accused."

Defendant further correctly asserts that a charge involving a violation of R. C. 2151.41 must be brought in a Juvenile Court.

As stated in R. C. 2151.23(A)(5):

"(A) The Juvenile Court has exclusive original jurisdiction under the Revised Code:

"(5) To hear and determine all criminal cases charging adults with the violation of any section of Chapter 2151. of the Revised Code;***."

The Juvenile Court was the proper court in which to determine defendant's guilt or innocence of "acting in a way tending to cause delinquency in a child." See 2 Anderson's Ohio Family Law 324, Section 17.1 (1975); 33 Ohio Jurisprudence 2d 47, Juvenile Courts, Sections 40, 44.

We find that the crimes of gross sexual imposition and "acting in a way tending to cause delinquency in a child" are separate and distinct and that the latter is not a lesser offense included within the former. Further, we find that, pursuant to R. C. 2151.23(A)(5), the Juvenile Court has exclusive original jurisdiction to hear and determine all criminal cases charging an adult with a violation of R. C. 2151.41.

Defendant's sole assignment of error is found well taken.

*Judgment reversed.*

BROWN and CONNORS, JJ., concur.