THE STATE OF OHIO, APPELLEE, *v.* MORRIS, APPELLANT. ▪

(No. 44404—Decided November 12, 1982.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Joseph J. LoPresti* and *Mr. Paul Mancino, Jr.,* for appellant.

MARKUS, J. Defendant appeals his bench trial convictions for felonious assault and aggravated menacing. For reasons stated below, we affirm the

felonious assault conviction and reverse the aggravated menacing conviction.

Defendant was attending a family gathering at his aunt's home when the aunt's neighbor appeared and accused defendant of "messing with" the neighbor's girlfriend. A fight ensued during which the neighbor was stabbed with a small pocket knife. Defendant then took a .38 caliber revolver from his car and fired the gun once into the air. The injured neighbor fled to his nearby home. Defendant followed him part way but returned to the aunt's home when he saw the neighbor's father with a shotgun.

Shortly thereafter, defendant and a companion drove to the neighbor's home for the alleged purpose of settling the dispute peacefully. When defendant emerged from the car, he was met at the sidewalk by the injured neighbor's older brother. The neighbor's parents were sitting on the front porch. After a heated discussion, the father retrieved his shotgun from the house. Contemporaneously, defendant took a shotgun from his companion's automobile.

Testimony about subsequent actions presented conflicting versions of the events. The neighbor's father and others said that defendant fired four or five shots at the neighbor's home without further provocation, and that one of those shots seriously injured the father. Defendant testified that he fired only one shot, he shot into the air, and he shot only after the father fired his shotgun. An investigating police officer testified that the father's gun had not been fired. Photographs indicated that the house was hit by three rounds of gunfire. During this period of gunfire, the older brother was lying on the ground between defendant and the father. The older brother testified that defendant pointed his shotgun at the brother and told the father not to shoot or defendant would shoot the brother.

Defendant was indicted for felonious assault of the young neighbor, felonious assault of the older brother, felonious assault of the father, and carrying a concealed weapon. He was acquitted of the felonious assault charge involving the younger neighbor. He was convicted of felonious assault of the father, and aggravated menacing as a lesser included offense of the felonious assault charge involving the older brother. The prosecutor dismissed the weapons charge.

Defendant claims six errors for our review.

"I. The defendant was denied his constitutional right of a jury trial when the court accepted a waiver of a jury trial without personal inquiry of the defendant to determine whether he was knowingly, intelligently, and voluntarily waiving his right to a jury trial."

A defendant in a criminal trial has a right to a jury trial, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Section 5, Article I of the Ohio Constitution. He may not be deprived of that right without an intelligent, voluntary and knowing waiver. *Baldwin* v. *New York* (1970), 399 U.S. 66; *Duncan* v. *Louisiana* (1968), 391 U.S. 145 [45 O.O.2d 198].

A waiver is accomplished in Ohio practice by procedures described in Crim. R. 23(A)[1] and R.C. 2945.05.[2] Since these provisions are not conflicting, both are ap-

---

[1] Crim. R. 23 (A) provides:

"Trial by jury. In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury * * *"

[2] R.C. 2945.05 provides:

"In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: 'I _____, defendant in the above cause, hereby voluntari-

plicable.[3] The record supports the trial court's apparent finding that defendant did waive his right to trial by jury in conformity with Crim. R. 23(A) and R.C. 2945.05.

However, defendant contends that the trial judge's failure to interrogate defendant more completely was a denial of defendant's right to due process.[4] In essence, defendant contends that the procedures set forth in Crim. R. 23(A) and R.C. 2945.05, and the questions asked by this trial judge, did not demonstrate a knowing, intelligent and voluntary waiver.

A waiver of defendant's right to a jury trial that is signed by *defense counsel* and filed before trial is not effective, unless the record shows that the defendant was advised of his right to a jury trial, understood that right, and intelligently and voluntarily waived that

right. *State* v. *Kehoe* (1978), 59 Ohio App. 2d 315 [13 O.O.3d 328]. This court has held that a written waiver signed by the *defendant* prior to trial and followed by a one sentence inquiry by the trial judge is sufficient to insure defendant's rights. *State* v. *Johnson* (March 5, 1981), Cuyahoga App. No. 42722, unreported.[5]

While the trial court may pursue a detailed examination of the defendant to satisfy itself that the defendant is fully apprised by his right to a jury trial, such an extended interrogation is not required. The Criminal Rule and the Revised Code are satisfied by a writing signed by the defendant himself and filed with the court. Unlike some jurisdictions, Ohio does not require that the court personally inform the defendant of this right or make direct inquiry of the defendant as to the voluntariness of his waiver.[6]

We need not determine whether any

---

ly waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'

"Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."

[3] Section 5, Article IV (B) of the Ohio Constitution now provides that "[t]he Supreme Court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right. * * * All laws in conflict with such rules shall be of no further force or effect after such rules have taken effect." Even though a rule and a previously enacted statute may cover essentially the same territory, they may not be completely overlapping. In such case, the statute and the rule are not in conflict and the statute survives.

[4] Defendant and the trial judge engaged in the following discussion immediately prior to opening statements:

"THE COURT: Mr. Morris, I've got

before me a jury waiver form which I believe you signed yesterday, is that correct?

"THE DEFENDANT: Right.

"THE COURT: Do you understand what it says and do you agree with that?

"THE DEFENDANT: Right.

"THE COURT: Okay."

[5] In *Johnson,* the following exchange took place between defendant and the court:

"THE COURT: Sir, are you fully aware you have a constitutional right to a trial by jury, that you of your own free will with full understanding of that right wish to have a trial before the Court, is that correct?

"MR. JOHNSON: Yes, your Honor.

"THE COURT: The Court will accept the waiver of jury trial. * * *"

[6] Contrary state practice is summarized in *Sessums* v. *State* (Fla. App. 1981), 404 So. 2d 1074, at 1076, fn. 1:

"*See, e.g.,* Arizona, R.Crim.P. 18.1 (b) (court shall address defendant personally); California, Art. I, §16, Cal. Const. (amended 1974) (a jury may be waived in a criminal trial by the consent of both parties expressed in open court by the defendant and the defendant's counsel); Michigan Stat. § 763.3 (waiver must be signed by defendant and made part of

direct communication between the court and the defendant is constitutionally required, since the discussion on the record in this case did suffice to confirm this defendant's knowledge of his rights and his voluntary waiver. We overrule defendant's first assignment of error.

"II. The court committed prejudicial error when it found the defendant guilty of aggravated menacing under a charge of felonious assault."

Lesser individual offenses are defined in *State* v. *Hreno* (1954), 162 Ohio St. 193 [55 O.O. 97], paragraph two of the syllabus:

"An offense is a lesser included offense, where all the elements of such offense are present with others in the offense charged in an indictment."

Accord *State* v. *Beaty* (1975), 45 Ohio App. 2d 127 [74 O.O.2d 137]; *State* v. *Washington* (1978), 56 Ohio App. 2d 129 [10 O.O.3d 150]. In *State* v. *Nolton* (1969), 19 Ohio St. 2d 133, at 135 [48 O.O.2d 119], the court's opinion states:

"[I]f the trier could *reasonably* find against the state and for the accused upon one or more of the elements of the crime charged and for the state and against the accused on the remaining elements, which by themselves would sustain a conviction upon a lesser included offense, then a charge on the lesser included offense is both warranted and required, not only for the benefit of the state but for the benefit of the accused."

Accord *State* v. *Moore* (1978), 62 Ohio App. 2d 86 [16 O.O.3d 183].

Defendant was indicted for felonious assault of the older brother pursuant to R.C. 2903.11(A)(2).[7] The elements of that form of the crime of felonious assault are that the defendant did: (1) knowingly, (2) cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance.

Revised Code 2903.21 defines aggravated menacing.[8] The relevant elements of the crime of aggravated menacing are that the defendant did: (1) knowingly, (2) cause another to believe the offender will cause serious physical harm to such other person.

This court has previously ruled that a charge of aggravated menacing contains an element of causing apprehension not contained in a charge of felonious assault, so the crime of aggravated menacing is not a lesser included offense of felonious assault. *State* v. *Smith* (April 10, 1980),

---

record in open court after arraignment), *People* v. *Blackmon,* 95 Mich.App. 462, 291 N.W.2d 82 (Mich.App. 1980) (reference by defense counsel insufficient); Maryland Rule, 735 (d) (requires inquiry of defendant on the record and that court inform defendant of this right), *Dortch* v. *State,* 428 A.2d 1220 (Md.App.1981); *Spector* v. *State,* 289 Md. 407, 425 A.2d 197 (Md.App. 1981); Pennsylvania, R.Crim.P. 1101 (requires an on-the-record colloquy with defendant), *Commonwealth* v. *Candia,* _____ Pa.Super. _____, 428 A.2d 993 (1981). *Commonwealth* v. *Phillips,* 285 Pa.Super. 485, 427 A.2d 1391 (1981); *Commonwealth* v. *Baxter,* 282 Pa.Super. 467, 422 A.2d 1388 (1980).

"*See also* Alaska, R.Crim.P. 23 (a) and (b) (cases required to be tried by jury [of 12] shall be so tried unless the defendant waives a jury trial [of 12] in writing with the approval of the court and the consent of the state); *Walker* v. *State,* 578 P.2d 1388 (Alaska 1978) (the court must personally address defendant to inquire whether the waiver is voluntary and knowing; failure to do so is error per se)."

[7] R.C. 2903.11 provides in pertinent part: "(A) No person shall knowingly:
"* * *
"(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code."

[8] R.C. 2903.21 provides in pertinent part: "(A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person or member of his immediate family."

Cuyahoga App. No. 41068, unreported.[9] Accord *State* v. *Beaty, supra.*

An indictment informs the defendant of the offense with which he is charged, so that he may prepare for his trial. *State* v. *Abrams* (1974), 67 O.O. 2d 121. There can be no trial, conviction, or punishment for a crime, without a formal and sufficient accusation. Section 10, Article I of the Ohio Constitution; *Stewart* v. *State* (1932), 41 Ohio App. 351. The accusation must charge an offense, it must charge the particular offense for which the accused is tried, and it must be made in the particular form required by law. *Stewart* v. *State, supra.*

The trial judge's decision to convict defendant of a crime that was not charged in the indictment, and was not a lesser included offense of that charge, was a substantive change in an indictment which was prejudicial to defendant. The safeguards of Crim. R. 7(D) were not met.[10] The trial judge's decision to convict defendant of the lesser unincluded offense constituted an acquittal on the original felonious assault charge. Conviction for aggravated menacing was not permitted, so that conviction is reversed, and that portion of the judgment is vacated.

"III. The court committed prejudicial error in permitting the police officer, Marquita Datsun, to testify as to the firing of the gun."

Defendant claims that the trial court erred in permitting a police officer to testify that the father's shotgun had not been fired recently when that officer smelled the gun's barrel and chamber. Defendant asserts that evidence was an opinion about a scientific or technical matter which required specialized knowledge,[11] and that the officer had not been shown to have such specialized knowledge.

Ordinarily, lay witnesses are not permitted to testify as to their opinions, conclusions, inferences, or impressions. *Mynatt* v. *Drenik Beverage Dist., Inc.* (1963), 119 Ohio App. 28 [26 O.O.2d 108]. However, Ohio has long recognized that a non-expert witness can properly express opinions which merely summarize complex factual observations, which testimony is a composite of fact and opinion. *Steamboat Clipper* v. *Logan* (1849), 18 Ohio 375; *Railroad Co.* v. *Schultz* (1885), 43 Ohio St. 270. A conclusion is permitted because the primary facts gained by observation and upon which the conclusion is based are too numerous to detail.

---

[9] The author of this opinion was the trial judge in *State* v. *Smith,* who ruled that aggravated menacing is a lesser included offense of felonious assault. I reasoned that actions which "cause another to believe that the offender will cause serious physical harm to * * * such other person" are included within actions which "cause or attempt to cause physical harm," in the belief that causing apprehension is a lesser included act of causing actual physical harm. Cf. *State* v. *Pierce* (1980), 64 Ohio St. 2d 281 [18 O.O.3d 466]; *State* v. *Muscatello* (1978), 55 Ohio St. 2d 201 [9 O.O.3d 148] (voluntary manslaughter is a lesser included offense of murder because knowing action under extreme emotional distress is included within purposeful action). However, in deference to the requisites of *stare decisis,* I accept and apply this court's ruling in *State* v. *Smith.*

[10] Crim. R. 7 provides in pertinent part:

"(D) *Amendment of indictment, information or complaint.* The court may at any time before, during, or after a trial amend the indictment, information, complaint or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, *provided no change is made in the name or identity of the crime charged.*" (Emphasis added.)

[11] Evid. R. 702 states:

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

Cf. *State* v. *Hairston* (1977), 60 Ohio App. 2d 220 [14 O.O.3d 191] (no error in permitting a police officer to testify that marks he observed were tennis shoe footprints similar to a defendant's foot prints).

Evid. R. 701 provides two limitations for a non-expert opinion:

"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."

Where the testimony is based on recited personal observations, a non-expert can express opinions about another's sanity, *Weis* v. *Weis* (1947), 147 Ohio St. 416 [34 O.O. 350]; about another's physical condition, *Bronaugh* v. *Harding Hospital, Inc.* (1967), 12 Ohio App. 2d 110 [41 O.O.2d 185]; about height, temperature, time, light, weight, dimension, distance, *State* v. *Auerbach* (1923), 108 Ohio St. 96, 98; about another's emotional state, *Railroad Co.* v. *Schultz, supra;* about the speed of a moving object, *State* v. *Auerbach, supra;* or about another's sobriety, *Railroad Co.* v. *Schultz, supra.*

In this case, the testifying officer demonstrated personal knowledge. The officer smelled the barrel and then concluded the gun had not been fired. Expert qualifications were not required to report that conclusion from personal observation.

Defendant's third assignment of error is overruled.

"IV. The court committed prejudicial error in not striking the testimony of Walter Bray, Sr. after he had spoken to his son who had previously testified in this case."

Defendant contends that violation of a sequestration order by two prosecution witnesses was sufficiently prejudicial to require exclusion of testimony by the second witness. Sequestration of prospective witnesses is a common method of discouraging collusion and exposing inconsistencies or inaccuracies in testimony. Evid. R. 615 mandates that the trial court order sequestration if a party requests it. While Ohio practice formerly allowed the court discretion whether to order sequestration, nothing in Evid. R. 615 changes Ohio law regarding the effect of any violation of a sequestration order. See Evid. R. 102.

In *State* v. *Booth* (C.P. 1962), 90 Ohio Law Abs. 33, the court summarized Ohio practice regarding such infractions, at 39:

"In Ohio it rests in the sound discretion of the Court whether a witness who remains in the court room in violation of an exclusion order shall afterward be permitted to testify. Permitting a witness who has violated a separation order to testify is not ipso facto an abuse of discretion."

Accord *State* v. *Dean* (1951), 90 Ohio App. 398 [48 O.O. 81]; see, also, *Peters* v. *Fancher* (Dec. 5, 1979), Clermont App. No. 803, unreported (a witness violating an exclusion order may be allowed to testify where the violation was not contrived by the party offering that witness).

In *United States* v. *Johnston* (C.A. 10, 1978), 578 F. 2d 1352, the federal appellate court discussed the ramifications of a violation of a separation order by two witnesses who conversed outside the courtroom. To prevent circumvention of the order, the opinion urged that a trial court should give instructions to counsel and the witnesses when the rule's invocation is announced, making it clear that witnesses are excluded from the courtroom and that they are also directed not to relate their testimony or courtroom occurrences to other witnesses. If a witness thereafter violates the order, the federal court held at page 1355:

"The test is whether permitting the witness to testify, despite his violation of the rule, is an abuse of the trial court's discretion."

The *Johnston* court held the trial court did not abuse its discretion because:

"There is no indication at all in the record that Government counsel intentionally permitted disregard of the rule. * * * Moreover there was no showing as to what testimony was actually discussed by Bishop and Jacobs. * * * We cannot say that the circumvention of the rule has so discredited the witness as to render his testimony incredible as a matter of law." (Citations omitted.) *Id.* at 1355-1356.

We believe the rules and advice given by the *Johnston* court are appropriate. Defendant has not demonstrated that the testimony of the second witness was in any way tainted by the hallway conversation. Moreover, there is no evidence that the government intentionally permitted the rule to be disregarded. The weight to be given such subsequent testimony is for the trier of fact. The admissibility is subject to judicial discretion. Since there has been no showing that the trial court abused its discretion, the trial court's decision will be affirmed.

Defendant's fourth assignment of error is overruled.

"V. The defendant was denied due process of law when the defendant was found guilty of felonious assault for exercising his constitutional right of self-defense.

"VI. The defendant was improperly convicted of felonious assault as the court did not consider whether the shooting was an unlawful act."

A killing or assault in self-defense is a lawful act. Thus, an action taken in self-defense cannot be the basis for a criminal conviction. Defendant notes that every indictment issued in Cuyahoga County alleges an "unlawful" act, so defendant contends the state must disprove self-defense beyond a reasonable doubt.

In Ohio, the burden of proving self-defense is on the party asserting that defense.[12] Defendant claims that this statute contravenes due process because it eliminates the state's duty to prove an "unlawful" act as an element of the offense. However, defendant's assertion confuses affirmative defenses with the elements of a crime. As Justice O'Connor recently stated in *Engle* v. *Isaac* (1982), 456 U.S. 107, 120:

"Our opinions suggest that the prosecution's constitutional duty to negate affirmative defenses may depend, at least in part, on the manner in which the State defines the charged crime. Compare *Mullaney* v. *Wilbur, supra,* with *Patterson* v. *New York, supra.* These decisions, however, do not suggest that whenever a State requires the prosecution to prove a particular circumstance beyond a reasonable doubt, it has invariably defined that circumstance as an element of the crime. A State may want to assume the burden of disproving an affirmative defense without also designating absence of the defense an element of the crime. The Due Process Clause does not mandate that when a State treats absence of an affirmative defense as an 'element' of the crime for one purpose, it must do so for all purposes."

The crime of felonious assault does not include the absence of self-defense as one of its elements. Once the prosecution has proven each element of felonious assault, the prosecution has proven the

[12] In relevant part, R.C. 2901.05 (A) reads:

"The burden of going forward with the evidence of an affirmative defense, and the burden of proof, by a preponderance of the evidence, for an affirmative defense, is upon the accused."

This statute was held to govern self-defense claims without violating due process in *State* v. *Newell* (Dec. 28, 1979), Cuyahoga App. No. 40470, unreported; and *State* v. *Thomas* (Feb. 28, 1980), Cuyahoga App. No. 40777, unreported. Compare *State* v. *Howze* (1979), 66 Ohio App. 2d 41 [20 O.O.3d 106].

unlawfulness of defendant's acts. When the accused asserts an affirmative defense as a justification for an otherwise unlawful act, the burden of proving that justification can be constitutionally assigned to the accused. *State* v. *Newell, supra.* See, also, *Leland* v. *Oregon* (1952), 343 U.S. 790 (state can constitutionally require defense to prove insanity defense beyond a reasonable doubt); *Patterson* v. *New York* (1977), 432 U.S. 197. A contrary ruling would mean that the state is constitutionally required to disprove every affirmative defense, since every defense is a justification for the conduct involved which causes that conduct to be "lawful."

Since the burden to prove self-defense was on defendant, it was his responsibility to raise the issue and sustain the burden of proof. Defendant argues that the trial court failed to "consider" his defense of self-defense, but the record fails to support that contention. Defense counsel argued self-defense for each of the assaults, and the trial judge expressly acquitted defendant of the charge relating to the first assaultive involvement with the neighbor on that ground. Since the trial court's conclusions are supported by substantial credible evidence, we decline to modify them. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230 [39 O.O. 2d 366]; *State, ex rel. Squire,* v. *Cleveland* (1948), 150 Ohio St. 303 [38 O.O. 161].

Defendant's fifth and sixth assignments of error are overruled. Defendant's conviction of aggravated menacing is reversed and vacated, and the judgment of the trial court is otherwise affirmed.

*Judgment affirmed in part and reversed in part.*

PATTON, P.J., and NAHRA, J., concur.