OPINION
On April 2, 1996, Hamilton Police Officers Fant and Chenoweth were dispatched to 138 Hanover Street in Hamilton, Ohio in response to a noise complaint. Upon their arrival at the scene, the officers observed defendant-appellant, Derrick O. Smith, sitting with both hands in his lap on a porch railing.[1] When the officers stopped their vehicle in front of the house, they noticed appellant lean over and appear to place something on the ground. The officers searched the area around appellant and found a baggy containing nine white rocks. A vial containing six white rocks was also recovered from appellant's coat pocket. Appellant informed the officers that the rocks were "fleece."[2] The rocks tested negative for crack cocaine.
Appellant was arrested and charged with possession of a counterfeit controlled substance. Following a hearing on April 25, 1996, appellant was found guilty and sentenced accordingly. On May 13, 1996, the trial court filed a judgment entry reflecting appellant's conviction and sentence. It is from this judgment that appellant now appeals, setting forth the following assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT DID NOT DISMISS THE COMPLAINT FOR FAILING TO PROVIDE ESSENTIAL FACTS.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FOUND HIM GUILTY OF POSSESSION OF A COUNTERFEIT CONTROLLED SUBSTANCE.
In his first assignment of error, appellant contends that the trial court erred by failing to dismiss the criminal complaint against him because it did not contain the essential facts upon which it was based and did not contain facts sufficient to inform him of the crime with which he was charged. Appellant also argues that the complaint is deficient because it fails to identify the specific definition provision found in R.C. 2925.01(P)(1)-(4), which he allegedly violated.
A criminal complaint "is a written statement of the essential facts constituting the offense charged" which must "state the numerical designation of the applicable statute or ordinance." Crim.R. 3. The purpose of a complaint or indictment is to inform the accused of the offense with which he is charged so that he may prepare for trial. State v. Morris (1982), 8 Ohio App.3d 12,16. A valid complaint under Crim.R. 3 must contain all the essential elements of the crime charged and is insufficient only if it fails to do so. State v. Burgun (1976), 49 Ohio App.2d 112,117.
Appellant was charged with possession of a counterfeit controlled substance in violation of R.C. 2925.37(A), which provides that "[n]o person shall knowingly possess any counterfeit controlled substance." Pursuant to R.C. 2925.01:
 (P) "Counterfeit controlled substance" means any of the following:
 (1) Any drug that bears, or whose container or label bears, a trademark, trade name, or other identifying mark used without authorization of the owner of rights to such trademark, trade name, or identifying mark;
 (2) Any unmarked or unlabeled substance that is represented to be a controlled substance manufactured, processed, packed, or distributed by a person other than the person that manufactured, processed, packed, or distributed it;
 (3) Any substance that is represented to be a controlled substance but is not a controlled substance or is a different controlled substance;
 (4) Any substance other than a controlled substance that a reasonable person would believe to be a controlled substance because of its similarity in shape, size, and color, or its markings, labeling, packaging, distribution, or the price for which it is sold or offered for sale.
The record indicates that appellant made no objection as to the sufficiency of the complaint prior to or during the trial of this matter. Generally, defects in a complaint must be objected to by motion prior to trial or the objection is deemed waived. Crim.R. 12(B)(2). When alleged defects in a complaint or indictment are not raised upon trial, the charging document will be deemed sufficient unless it is so defective that under any reasonable construction it does not charge the offense for which the accused was convicted. State v. Stone (1971), 30 Ohio App.2d 49,56.
Furthermore, an alleged error not raised at the time of trial must rise to the level of plain error before a reviewing court may reverse a defendant's conviction. See Crim.R. 52(B). Plain error does not exist "unless, but for the error, the outcome of the trial clearly would have been otherwise." State v. Underwood (1983), 3 Ohio St.3d 12, syllabus. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Cooey (1989), 46 Ohio St.3d 20,31.
Based upon a careful review of the record, we find that the complaint charging appellant with possession of a counterfeit controlled substance was factually sufficient to inform him of the crime with which he was charged. See Crim.R. 3. The complaint contained the date and location of the offense, the name of the accused, the nature of the crime charged, the essential facts upon which the charge was based, and it identified the applicable statute.
We also find that the complaint was not insufficient because it failed to contain the applicable definition of "counterfeit controlled substance."[3] Although the appropriate definition was not included in the complaint, the complaint contained sufficient facts to inform appellant of the crime with which he was charged as required by Crim.R. 3. Accordingly, under the circumstances of this case, we find that it was not plain error for the trial court to fail to dismiss the complaint as the outcome of the trial would not have been different had the definition of "counterfeit controlled substance" been included in the complaint. See Cooey, 46 Ohio St.3d at 31. Appellant's first assignment of error is overruled.
In his second assignment of error, appellant contends that the trial court erred by finding him guilty of possession of a counterfeit controlled substance. Appellant argues that simple possession of a legal substance, without representing its use as an illegal substance or offering that substance for sale, cannot constitute a crime. We disagree.
Appellant essentially argues that his conviction is not supported by the weight of the evidence. When reviewing a manifest weight claim, an appellate court is required to view the evidence in a light most favorable to the prosecution and to decide "whether any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, 273. The judgment of the trier of fact will not be disturbed on appeal if the reviewing court determines that reasonable minds could arrive at the conclusion reached by the fact finder. Id.
Officer Chenoweth testified that on April 2, 1996, he and Officer Fant were dispatched to 138 Hanover Street in reference to a noise complaint. Chenoweth testified that when he arrived at the scene, he observed appellant, who was seated on the brick railing of the porch. Chenoweth stated that appellant had both of his hands in his lap and his legs were extended over the railing. Chenoweth stated that when he and Fant stopped their vehicle in front of the house, appellant removed his right hand, leaned over, and appeared to place something on the ground.
Chenoweth testified that he and Fant exited their vehicle and approached appellant. Chenoweth stated that he found a baggy containing nine white rocks directly beside the place where appellant was sitting. Chenoweth stated that a vial containing six white rocks was also found in appellant's coat pocket. Chenoweth testified that appellant informed him that the rocks were "fleece" and that they would test negative for rock cocaine. Chenoweth testified that, in his experience, "fleece" is a substance which is used to represent a controlled substance. Chenoweth stated that appellant did not represent the rocks to him as cocaine, did not offer to sell the rocks to him as cocaine, and that the rocks tested negative for crack cocaine.
After carefully reviewing the record and viewing the evidence presented at trial in a light most favorable to the prosecution, we find that reasonable minds could have found the essential elements of the crime of possession of a counterfeit controlled substance proved beyond a reasonable doubt. See Jenks,61 Ohio St.3d at 273. Such crime merely requires a defendant to possess a counterfeit controlled substance, not represent the substance as a controlled substance or offer it for sale. See R.C.2925.37(A). The record indicates that appellant possessed white rocks in both a baggy and a vial and that a reasonable person would believe such rocks to be a controlled substance. See R.C.2925.37(A); R.C. 2925.01(P)(4). Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] The record indicates that the house located at 138 Hanover Street has a porch area surrounded by a brick railing with a concrete top upon which appellant was sitting.
[2] Officer Chenoweth testified that in his experience "fleece" is a substance that appears to be a controlled substance, but is not.
[3] We note that appellant was neither charged with representing the white rocks as a controlled substance, nor was he charged with offering the rocks for sale as a controlled substance. Thus, the only definition section that would apply to appellant would be R.C. 2925.01(P)(4).