OPINION
Appellant David Hoover appeals his conviction, in the Stark County Court of Common Pleas, for carrying a concealed weapon and receiving stolen property. The following facts give rise to this appeal.
On December 3, 2000, Stark County Sheriff Deputy James Barrick received a dispatch to investigate a suspicious person, in Nimishillen Township, near Ravenna Avenue. On his way to the scene, the dispatcher revised the dispatch to a suspicious vehicle. Deputy Barrick turned from Ravenna Avenue onto St. Francis Street and observed a vehicle stopped in the westbound lane. Deputy Barrick also observed a man leaning against the vehicle. The suspicious vehicle began to pull away from the curb and Deputy Barrick activated his overhead lights in order to stop the vehicle.
After the vehicle stopped, Deputy Barrick approached the vehicle and had the four occupants of the vehicle, Appellant Hoover, Kimberly Shepphard, Sara Mamaux and Parish Rushin, place their hands outside the vehicle and thereafter exit the vehicle. Appellant, seated in the backseat of the vehicle, on the driver's side, was the last person to exit. Prior to exiting, Deputy Barrick observed appellant lean toward the front passenger's seat and reach under the front passenger's seat. A video camera located inside Deputy Barrick's cruiser videotaped the stop of the vehicle. At trial, the portion of the tape showing appellant leaning toward and reaching under the front passenger seat was played for the jury.
As the occupants exited the vehicle, two additional deputies arrived on the scene. After placing the occupants of the vehicle in cruisers, Deputy Barrick attempted to obtain preliminary information about them. Appellant initially gave a fake name and about twenty minutes later provided his real name. Subsequently, Deputy Barrick approached the empty vehicle and observed a holster underneath the driver's seat and ammunition casings on the floor behind the driver's seat. Deputy Stauffer recovered a gun from underneath the front passenger's seat. The gun was loaded with ammunition and subsequently determined to be operable. The deputies also found two boxes, in the vehicle, that contained small quantities of what appeared to be marihuana.
On January 4, 2001, the Stark County Grand Jury indicted appellant on one count of carrying a concealed weapon and one count of receiving stolen property. This matter proceeded to trial on February 27, 2001. During the state's portion of the case, the prosecutor presented evidence that the gun recovered from the vehicle was the same one that had been reported stolen on November 23, 2000, by its owner, Melony Weaver. Weaver identified the gun as the one stolen from her residence.
After the state concluded the presentation of its case, defense counsel requested that he be permitted to call as a witness, Sandra Gibson, appellant's aunt, who would testify that she overheard Kim Sheppard, Sara Mamaux and Parish Rushin talking outside of the courtroom, during the trial. Gibson allegedly heard them say "we all have to stick together." Gibson would have also testified that Parish Rushin sold her daughter drugs. The trial court denied defense counsel's request to call Gibson as a witness. Thereafter, the defense did not present any witnesses and rested its case.
Following deliberations, the jury returned a verdict finding appellant guilty as charged in the indictment. The trial court sentenced appellant to a determinate fifteen-month term. Appellant filed a delayed appeal and sets forth the following assignments of error for our consideration:
 I. APPELLANT'S CONSTITUTIONAL RIGHTS WERE VIOLATED AND THE TRIAL COURT ABUSED ITS DISCRETION WHEN THE TESTIMONY OF SANDRA GIBSON WAS EXCLUDED AT TRIAL.
 II. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE FEDERAL AND STATE CONSTITUTIONS.
 I
In his First Assignment of Error, appellant contends the trial court abused its discretion when it denied appellant's request to call Sandra Gibson as a witness. We disagree.
A trial court has the authority to order witnesses for trial separated so that they may not hear each other's testimony. Evid.R. 615. A trial court's determination to allow testimony despite a violation of a separation order must be reviewed on an abuse of discretion standard.State v. Morris (1982), 8 Ohio App.3d 12, 17. Thus, we will not reverse the trial court's decision absent an abuse of discretion. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In addressing defense counsel's request, the trial court made the following statements on the record:
 THE COURT: Now here's what is a little bit disconcerting about the way you have brought this to the Court's attention. You during the middle of trial asked for a separation of witnesses. Then you find out during the middle of trial that you think that is being violated.
 Instead of bringing this to the Court's attention, before those witnesses testify like you are supposed to do, you wait till the next morning at trial, here we are, to now bring this to the Court's attention; and now you want to bring in another witness who was in this courtroom through all your cross-examination of those witnesses with respect to friends stick together.
 Now, that's troubling. That's very troubling to this Court. * * *
 If you have an inkling that this woman was going to testify, you should have said, hey, if you heard that, I might call you during the defense of this case, you stay outside; but you didn't do that.
 She came in and she heard all your cross-examination of these witnesses.
 Now, that coupled with the fact that Mr. Parish who is the person that you are directing this toward has already conceded that friends stick together, you have your argument. * * * Tr. Vol. II at 356-357, 359.
We conclude the trial court did not abuse its discretion when it denied defense counsel's request to call Gibson as a witness. Defense counsel never submitted Gibson's name, in discovery, as a potential witness. Also, defense counsel asked for a separation of witnesses, during the middle of the trial, and yet permitted Gibson to sit in the courtroom and hear the other witnesses testify after he learned of this alleged conversation among the state's witnesses. Even though defense counsel knew of this alleged conversation, he did not bring it to the court's attention until the day after the state rested its case.
Finally, prior to defense counsel's request that he be permitted to call Gibson as a witness, defense counsel questioned Sheppard, Mamaux and Rushin about whether any statements had been made, among them, that they were friends and they would stick together through this. Tr. Vol. I at 253, 288, 300-301. Clearly, defense counsel knew of this alleged conversation before he brought it to the trial court's attention the next day. Based upon these facts, the trial court did not abuse its discretion when it denied defense counsel's request to call Gibson as a witness.
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant maintains he was denied effective assistance of counsel because counsel failed to file a motion to suppress and failed to secure the testimony of Sandra Gibson. We disagree.
A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668;State v. Bradley (1989), 42 Ohio St.3d 136.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." Statev. Carter (1995), 72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell
(1993), 506 U.S. 364, 370. The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."Bradley at 143, quoting Strickland at 697. Accordingly, we direct our attention to the second prong of the Strickland test.
As to appellant's claim that defense counsel was ineffective for failing to file a motion to suppress, we conclude such failure does not warrant a reversal.
 A criminal conviction will not be reversed on the ground of ineffective assistance of counsel solely because defense counsel failed to file a timely motion to suppress evidence, where the record does not demonstrate that the evidence was illegally obtained. State v. Blagajevic (1985), 21 Ohio App.3d 297, 299-300.
Further, "[w]here the record is not clear or lacks sufficient evidence to determine whether a suppression motion would have been successful, a claim for ineffective assistance of counsel cannot be established." Statev. Parkinson (May 20, 1996), Stark App. No. 1995CA00298, unreported, at 3. In the case sub judice, the record lacks sufficient evidence to determine whether a suppression motion would have succeeded as to the initial stop of the vehicle. However, it appears from the record that the gun, ammunition and holster were in plain view after the occupants exited the vehicle and therefore, the search of the vehicle was valid provided Deputy Barrick had a reasonable, articulable suspicion to initially stop the vehicle. Because the record lacks sufficient evidence to determine whether the initial stop was valid, we find appellant cannot establish he was prejudiced by defense counsel's representation.
Appellant next claims defense counsel was ineffective because he failed to secure the testimony of Sandra Gibson. As to this argument, appellant cannot establish the prejudice prong of the Strickland test. We base this conclusion on the fact that defense counsel cross-examined Sheppard, Mamaux and Rushin about whether they testified similarly because friends stick together. Further Rushin admitted that true friends should stick together and stated that he considered Sheppard and Mamaux true friends. Tr. Vol. I at 300-301. Thus, defense counsel was able to question these witnesses about whether they were testifying similarly because they are friends and such testimony did not persuade the jury in reaching a different verdict.
Accordingly, we conclude appellant did not receive ineffective assistance of counsel.
Appellant's Second Assignment of Error is overruled.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
Hon. W. Scott Gwin, P. J. Hon. William B. Hoffman, J. Hon. John W. Wise, J. concur.