JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Keith Ricks appeals from his convictions for drug trafficking, possession of drugs, and possession of criminal tools. He asserts that the court did not inquire whether his waiver of a jury trial was knowing, intelligent and voluntary so the waiver was invalid and the court lacked jurisdiction to conduct a bench trial. He also argues the evidence was insufficient to support his conviction for possession of criminal tools.
 {¶ 2} On November 19, 2003, appellant was indicted for drug trafficking, drug possession, and possession of criminal tools. The case proceeded to trial on February 6, 2004. On the trial date, the following exchange occurred on the record:
 {¶ 3} "THE COURT: * * * The Court has been advised that Mr. Ricks wishes to waive his right to have this matter tried to a jury and wishes instead to have it heard by the Court.
 {¶ 4} "I am going to give you, Mr. Manning, this waiver for you to have your client execute.
 {¶ 5} "(Handing to the defense attorney.)
 {¶ 6} "(Thereupon, the waiver was executed by the Defendant.)
 {¶ 7} "THE COURT: And I neglected to mention that Mr. Ricks is present in court with his lawyer, Tony Manning, and here on behalf of the State of Ohio for the County Prosecutor, Miss Elaina Lewis-Bevel. Mr. Manning, you did prior to having your client sign this document explain to him all of the Constitutional and statutory rights that surround this waiver?
 {¶ 8} "MR. MANNING: Yes, Judge, I did.
 {¶ 9} "THE COURT: Are you satisfied that the waiver was knowingly, intelligently and voluntarily entered into?
 {¶ 10} "MR. MANNING: Yes, Judge.
 {¶ 11} "THE COURT: Thank you. Then, the Court will sign an order indicating that the waiver was, in fact, executed by the Defendant in the Court's presence and once it has been journalized in the Clerk of Courts office and made part of the record pursuant to 2945.05, the Court will have jurisdiction to hear this matter with respect to State of Ohio vs. Keith Ricks.
 {¶ 12} "We will be in recess on this matter until that administrative function can be accomplished."
 {¶ 13} After the waiver was journalized and made part of the record, the case proceeded to a bench trial. At the trial the court heard the testimony of Cleveland Police Officer Robert Martin. Officer Martin testified that on the morning of October 10, 2003, he observed a green, four-door Oldsmobile eastbound on Sellers which did not stop for a stop sign. He pulled the vehicle over, approached it and asked the driver, the defendant-appellant in this case, for his driver's license and proof of insurance. There were two other occupants in the vehicle. Officer Martin observed that the center console of the vehicle had been damaged by being lifted off the floor of the car.
 {¶ 14} Appellant told Officer Martin that he did not have a driver's license. Officer Martin informed appellant that he was under arrest. Martin then asked all of the occupants to exit the vehicle and patted them down. He looked under the center console of the car and discovered a sandwich bag containing three small bags of crack cocaine. After this, Officer Martin spoke with the appellant. The appellant asked Officer Martin "how [he] knew that [appellant] was selling drugs out of that car. He said `Did Robby tell you?'" Officer Martin retrieved $30 from appellant's right front pants pocket which he seized as a criminal tool.
 {¶ 15} At the conclusion of the trial, the court found appellant guilty of all three charges. The court subsequently sentenced him to eighteen months of community control with regular supervision, on the condition that he perform 100 hours of community service, submit to random drug testing, and obtain and maintain employment. He was referred to Treatment Alternatives to Street Crime (TASC) and was ordered to follow their recommendations. His driver's license was suspended for six months.
 {¶ 16} Appellant first argues that the procedure by which he waived his right to a jury trial was invalid, and as a result, the court did not have jurisdiction to conduct a bench trial. He claims the court had a duty to inquire whether the waiver of his right to a jury trial was knowing, intelligent and voluntary. However, the Ohio Supreme Court has specifically held that:
 {¶ 17} "There is no requirement in Ohio for the trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel. See State v. Morris (1982), 8 Ohio App.3d 12, 14, 8 OBR 13, 15-16, 455 N.E.2d 1352, 1355. While it may be better practice for the trial judge to enumerate all the possible implications of a waiver of a jury, there is no error in failing to do so." Statev. Jells (1990), 53 Ohio St.3d 22, 25-26; see, also State v.Spivey (1998), 81 Ohio St.3d 405, 408. Appellant signed the waiver in open court, after consultation with counsel. No additional colloquy was needed to reaffirm that his waiver was knowing, intelligent and voluntary. State v. Currie (March 13, 1997), Cuyahoga App. No. 70022. Accordingly, we overrule the first assignment of error.
 {¶ 18} Second, appellant argues that there was insufficient evidence to support his conviction for possession of criminal tools. R.C. 2923.24 defines possession of criminal tools as follows:
 {¶ 19} "(A) No person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally.
 {¶ 20} "(B) Each of the following constitutes prima-facie evidence of criminal purpose:
 {¶ 21} "(1) Possession or control of any dangerous ordnance, or the materials or parts for making dangerous ordnance, in the absence of circumstances indicating the dangerous ordnance, materials, or parts are intended for legitimate use;
 {¶ 22} "(2) Possession or control of any substance, device, instrument, or article designed or specially adapted for criminal use;
 {¶ 23} "(3) Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating the item is intended for criminal use.
 {¶ 24} "(C) Whoever violates this section is guilty of possessing criminal tools. Except as otherwise provided in this division, possessing criminal tools is a misdemeanor of the first degree. If the circumstances indicate that the substance, device, instrument, or article involved in the offense was intended for use in the commission of a felony, possessing criminal tools is a felony of the fifth degree."
 {¶ 25} Appellant claims the thirty dollars in cash recovered from his pocket does not fall into any of the categories listed in subsection (B). We agree. However, these categories are only some of the items which can be classified as criminal tools. The fact that possession of a small amount of cash may not be prima facie evidence of a criminal purpose under R.C. 2923.24(B) does not demonstrate that the evidence is insufficient.
 {¶ 26} Evidence that the defendant possessed and distributed drugs may be used by the fact-finder to determine that money in the defendant's possession was used to facilitate drug transactions and was therefore a criminal tool. State v. Jones,
Cuyahoga App. No. 83852, 2004-Ohio-4479, at ¶ 67. In this case, the defendant's admission to the police that he was selling drugs out of the car, together with the crack cocaine found under the console adjacent to the driver's seat, was sufficient evidence from which the court could infer that any money found on defendant's person was used to facilitate drug transactions and therefore was a criminal tool. Id.; see, also State v.Blackshaw (May 29, 1997), Cuyahoga App. No. 70829. Therefore, we overrule the second assigned error and affirm the judgment of the common pleas court.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., P.J. and George, J.* concur
*Sitting by assignment, Judge Joyce J. George, retired, of the 9th District Court of Appeals. journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
#84500 State of Ohio v. Keith Ricks