THE STATE OF OHIO, APPELLEE, *v.* STRILEY, APPELLANT.

(Nos. CA84-10-077 and -078—Decided February 11, 1985.)

*Greer & Fisse* and *Gary Greer,* for appellee.

*Walker, Bradford & Hill* and *William Walker,* for appellant.

*Per Curiam.* This cause came on to

be heard upon the appeal from the County Court of Clermont County.

Defendant, Ronald Striley, appeals his separate convictions of aggravated menacing contrary to R.C. 2903.21. Charges were filed against him in the County Court of Clermont County by Detective Clifford Rowland of the Miami Township Police Department. One affidavit charges defendant with making a threat to fifteen-year-old Scott Cline that defendant would physically harm Cline's mother. The other affidavit charges that defendant told sixteen-year-old Jim Hampton that defendant would harm Hampton's mother. Defendant was convicted at a bench trial of both offenses, and timely appealed, assigning as his sole error the failure of the trial court to grant defendant's motion for acquittal made pursuant to Crim. R. 29(A) at the conclusion of the state's evidence.

The transcript of testimony reveals that on October 6, 1984, defendant encountered Cline on the street at which time defendant told Cline to relay a message to Cline's mother that, "She's fucking with the wrong person and if she tries to bust him for anything, she'll be bumming." Cline admittedly did not know the meaning of the term "bumming," but interpreted it as constituting a threat of "some physical harm to my mom." During a subsequent encounter two days later, defendant inquired of Cline if Cline had relayed the message to Cline's mother. When Cline replied that he had done so, defendant told Cline, "That if I tried to do anything to him or bust him for anything he was going to mutilate my head." On cross-examination Cline admitted smiling at the defendant when he first sat down in the witness chair, admitted knowing the eighteen-year-old defendant for a "long time," and denied that defendant had ever assaulted Cline or threatened to do so.

The foregoing represents all material testimony bearing on the alleged threat made against the mother of Scott Cline. The sole testimony relative to the threat against the mother of Jim Hampton came while Hampton was on the witness stand and testified that he also had an encounter with defendant, and that defendant asked Hampton to relay a message to Hampton's mother, "Tell your mother to lay off because she's fucking with the wrong person." The arresting officer also testified briefly, but not as to any material facts. At the conclusion of the state's case defendant moved for acquittal on both charges. In the alternative, defendant's counsel asked that the charges relating to Cline's mother be reduced from aggravated menacing to menacing, arguing that the state had failed to prove a threat of serious physical harm to Cline's mother. The court overruled both the motion for acquittal and the motion to reduce charges whereupon defendant rested and renewed his motions. The motions were again overruled and the court rendered findings of guilt on both aggravated menacing charges.

The rule for determining whether a motion for judgment of acquittal should be granted is set forth in *State* v. *Bridgeman* (1978), 55 Ohio St. 2d 261 [9 O.O.3d 401], syllabus, as follows:

"Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."

R.C. 2903.21 describes aggravated menacing as follows:

"(A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person or member of his immediate family.

"(B) Whoever violates this section is guilty of aggravated menacing, a misdemeanor of the first degree."

Menacing, a fourth degree misde-

meanor described in R.C. 2903.22, is identical, except that the element of "serious" physical harm is lacking.[1] "Physical harm" and "serious physical harm" to persons are defined in R.C. 2901.01.[2]

With respect to the alleged threats made against Hampton's mother, a review of the evidence reveals that the sole basis of the finding of guilt was the defendant's statement, "Tell your mother to lay off because she's fucking with the wrong person." Under the test set forth in *Bridgeman, supra,* we find that reasonable minds could not reach the conclusion that the quoted remark constituted a threat of physical harm or injury of any kind, serious or otherwise. Hampton did not even testify that he interpreted the remark as a threat or that such was a prelude to the defendant inflicting any of the harms or injuries enumerated in the statutes describing physical harm and serious physical harm. Accordingly, we find that the trial court erred in not granting defendant's Crim. R. 29 motion for judgment of acquittal as it pertained to the aggravated menacing charge based on the conversation between defendant and Hampton. In this regard, the assignment of error is well-taken.

Turning now to the conviction predicated upon the statements made by defendant to Cline, it seems clear that there was no testimony as to a threat of "serious" physical harm with respect to Cline's mother, and reasonable minds therefore cannot differ as to whether such material element of the crime has been proved beyond a reasonable doubt. While the threat made against Cline personally that defendant would "mutilate his head" is somewhat foreboding, even in the absence of threatening gestures, such simply did not relate to the threat made against Cline's mother. However, it is conceivable that reasonable minds could have reached different conclusions as to whether or not the remarks made to Cline constituted simply a threat of physical harm rather than serious physical harm to Cline's mother, but unless the word "bumming" has some peculiar significance to the trial court, not known to this court, such cannot be construed to supply the missing element of seriousness.

We feel that it is important to note that defendant made two motions in regard to the charges centering around the threat to Cline's mother. One was for a directed verdict of acquittal, and the other was for a reduction of the

---

[1] R.C. 2903.22 reads as follows:

"(A) No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of such other person or member of his immediate family.

"(B) Whoever violates this section is guilty of menacing, a misdemeanor of the fourth degree."

[2] The pertinent sections of R.C. 2901.01 read as follows:

"(C) 'Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration.

"(* * *

"(E) 'Serious physical harm to persons' means any of the following:

"(1) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

"(2) Any physical harm which carries a substantial risk of death;

"(3) Any physical harm which involves some permanent incapacity, whether partial or total, or which involves some temporary, substantial incapacity;

"(4) Any physical harm which involves some permanent disfigurement, or which involves some temporary, serious disfigurement;

"(5) Any physical harm which involves acute pain of such duration as to result in substantial suffering, or which involves any degree of prolonged or intractable pain."

charge. Obviously, counsel for defendant realized that although the evidence may have been insufficient to support a finding of serious physical harm, there was enough evidence to raise a question of whether there had been a threat of physical harm. Cline testified that he took defendant's remark as a threat of some physical harm to his mother. Under R.C. 2901.01(C), the physical harm necessary to sustain a conviction of menacing would encompass any injury, regardless of its gravity or duration. See *State* v. *Goble* (1982), 5 Ohio App. 3d 197.

The question to be decided now is whether the trial court could find defendant guilty of menacing when he had been charged for aggravated menacing. In *State* v. *Morris* (1982), 8 Ohio App. 3d 12, the accused was charged with felonious assault. During a bench trial, the court found the defendant guilty of the lesser charge of aggravated menacing. On appeal, it was determined that aggravated menacing was not a lesser included offense of felonious assault. In reversing the defendant's conviction for aggravated menacing, the court of appeals held that:

"The trial judge's decision to convict defendant of a crime that was not charged in the indictment, and was not a lesser included offense of that charge, was a substantive change in an indictment which was prejudicial to defendant. * * * The trial judge's decision to convict defendant of the lesser unincluded offense constituted an acquittal on the original felonious assault charge." *Morris, supra,* at 16.

The *Morris* court found that it was improper for the trial court to find the defendant guilty of a crime other than that charged in the indictment when the crime for which the accused was convicted was not a lesser included offense of the originally charged crime. Conversely, if the lesser crime was indeed a lesser included offense of the charged crime, an accused who is found guilty of the lesser charge would not be prejudiced, since the lesser included offense is one in which all the elements are present with others in the offense charged in the indictment. *Morris, supra,* at 15.

An offense is a lesser included offense of another if the offense is a crime of lesser degree than the other, if the offense of the greater degree cannot be committed without the offense of the lesser degree also being committed, and some element of the greater offense is not required to prove the commission of the lesser offense. *State* v. *Wilkins* (1980), 64 Ohio St. 2d 382 [18 O.O.3d 528]. A review of the elements of both aggravated menacing and menacing, as well as the committee comments to those statutes, reveal that menacing is a lesser included offense of aggravated menacing, the sole difference between the two sections being the degree of harm threatened. Accordingly, we find that defendant would not have been prejudiced had the trial court reduced the charge involving the conversation between defendant and Cline from aggravated menacing to menacing since menacing was a lesser included offense of the crime charged in the complaint. Consequently, we find that the trial court erred in failing to grant appellant's motion seeking a reduction of the charge in the Cline case from aggravated menacing to menacing.

It will therefore be ordered that the judgment of the Clermont County Court be modified accordingly, without the granting or ordering of a new trial. It will further be ordered that this cause be remanded to that court, pursuant to R.C. 2953.07, with instructions to carry this order of modification into effect and impose the sentence as authorized by R.C. 2903.22, for a conviction of the crime of menacing.

In addition, the conviction in the Hampton case is reversed and that

cause is dismissed for the reasons set forth above.

The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, reversed and the cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed
and cause remanded.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.