OPINION
Defendant-appellant, Kathleen Weaver, appeals her conviction in the Lebanon Municipal Court for assault. We affirm.
On September 11, 1997, Christina Clough, a Post Adoptive Special State Subsidy funds ("PASSS") coordinator at Warren County Children Services ("WCCS"), filed a criminal complaint in the trial court charging appellant with assault.[1] The charge stemmed from an incident that occurred the same day wherein appellant assaulted Clough during a meeting in the WCCS building. A jury trial held on March 18, 1998 revealed the following facts:
On September 11, 1997, Clough and appellant's parents, Clarence and Marilyn Neumann, attended a meeting in the WCCS building. Appellant arrived at the meeting late. Shortly after appellant's arrival, Clough and appellant started exchanging words as to whether appellant had filed certain PASSS papers. During their verbal exchange, appellant told Clough twice to "shut up." The record reveals two divergent accounts as to what happened next.
Clough testified that after appellant told her to "shut up," she (Clough) got up to leave the room. As she was leaving the room, appellant "came up and * * * grabbed [her] kind of like [her] shoulders and [her] cleavage area, just all together taking [her] and shaking [her] really hard and screaming at [her]." Clough testified that appellant was yelling that she was going to hurt Clough. On an audiotape recording of the meeting played to the jury, appellant is heard saying, "I want to hurt you damned!" Clough eventually broke away from appellant and ran into a secretary's office who called 911.
Appellant's parents testified that appellant told Clough to "shut up" and that both appellant and Clough were yelling. How ever, the only yelling heard on the audiotape comes from appellant. Appellant's parents denied seeing appellant put her hands on Clough.
On March 18, 1998, a jury found appellant guilty of assault. The trial court thereafter sentenced appellant to six months in jail and imposed a $1,000 fine.[2] By entry filed April 9, 1998, the trial court granted appellant's motion to mitigate the sentence, suspended appellant's jail sentence, put appellant on probation for one year, and reduced the fine to $500. This appeal follows in which appellant raises two assignments of error.
In her first assignment of error, appellant argues that the trial court abused its discretion by refusing to permit defense counsel to question witnesses about appellant's previous involvement with and complaints against WCCS. Appellant contends that by denying defense counsel the opportunity to present evidence about the many disagreements between Clough and appellant, "the Court effectuated an injustice because [appellant] was not allowed to expose the alleged victim's reasons for being biased and fabricating a story."
It is well-established that the admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173, 180. An abuse of discretion is more than an error of law and judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Steiner v. Custer (1940), 137 Ohio St. 448, 451. A reviewing court "will not reject an exercise of discretion unless it clearly has been abused and the criminal defendant thereby has suffered material prejudice." State v. Long (1978), 53 Ohio St.2d 91,98.
The record shows that on the day of the trial, the state filed a motion in limine "to limit the testimony of the Defendant and Defendant's witnesses to the cited date of offense and the place of occurrence and denying the Defendants [sic] the opportunity to bring into light any civil actions or administrative proceedings taken against the Warren County Childrens Services * * *." The trial court never ruled on the motion[3] which as a result must be presumed overruled. SeeSolon v. Solon Baptist Temple (1982), 8 Ohio App.3d 347, 352. It is well-established that because the denial of a motion in limine
does not preserve any error for review, the evidence at issue must be presented at trial and a proper objection made, in order to preserve the error for appeal. State v. Brown (1988), 38 Ohio St.3d 305, paragraph three of the syllabus, certiorari denied (1988), 489 U.S. 1040, 109 S.Ct. 1177.[4]
The record shows that during his cross-examination of Clough, defense counsel asked her whether she was aware appellant had requested that Clough be investigated with regard to appellant's case at WCCS. Clough replied that she was aware because appellant "[had] said that to [her], but the State ha[d] never contacted [her] about it * * *." Thereafter, the following ensued:
 MR. HARRIS [defense counsel]: So, it's your testimony here today that you have not been at all made aware that Ms. Weaver had initiated an investigation as to your work on her case?
 MS. CLOUGH: Right.
 Q. You were not at all aware of any kind of civil rights violations or complaints that had been filed by Ms. Weaver?
 A. On our agency?
Q. On your agency?
 A. On our agency, yes, Mrs. Weaver — I'm sorry, I thought you were talking about me personally.
 THE PROSECUTOR: Your Honor, I'm going to object.
 THE COURT: Sustained. Talked about her and that was it.
Later on, during her cross-examination, Clough reiterated that she did not know when or if appellant had filed a complaint against her. Clough testified that she had never seen any paperwork with regard to appellant's alleged complaint and that she had never received a copy of the complaint.
Upon thoroughly reviewing the record, we find that the trial court did not abuse its discretion in restricting defense counsel's questioning of Clough with regard to appellant's complaints. The trial court properly sustained the state's objection to defense counsel's reference to the complaints filed by appellant against WCCS. "[An] accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." Taylor v. Illinois (1988), 484 U.S. 400, 410,108 S.Ct. 646, 653. The complaints filed by appellant against WCCS were not relevant in the case at bar because the instant suit was based on appellant's assault of Clough. Appellant's conduct during her meeting with Clough was clearly, solely, and specifically directed at Clough, not at WCCS. Thus, evidence of appellant's complaints against WCCS would not have proved or disproved any elements of the crime charged. We note, however, that Clough's statement that she was aware of complaints filed by appellant against WCCS was not stricken by the trial court. Nor did the trial court instruct the jury to disregard the statement. Thus, the jury was arguably allowed and able, if it so desired, to consider the statement in its deliberations.
With regard to the complaint appellant allegedly filed against Clough, the record shows that defense counsel asked Clough several times about it and thus was not prevented from questioning Clough about it. While defense counsel may have been somewhat restricted in his questioning by the trial court, such was based upon Clough's consistent testimony that she had never received a copy of the complaint and that she had never been contacted by the state about the complaint. In any event, some evidence of appellant's alleged complaint against Clough was presented to the jury, which was free to consider or reject it. Krauss v. Kilgore
(July 27, 1998), Butler App. No. CA97-05-099, unreported.
The record also shows that Clough admitted that appellant "gets on her nerves," and has done so in the past. Contrary to appellant's assertion, we find that this admission, combined with the evidence about appellant's complaint against Clough, allowed appellant "to expose the alleged victim's reasons for being biased and fabricating her story" and gave the jury "an opportunity to see the alleged victim's motive for misstating the facts." As the trier of fact in this case, the jury was free to accept or reject any or all of appellant's evidence. Krauss, Butler App. No. CA97-05-099, unreported. The jury's verdict clearly shows that it chose to reject appellant's evidence of Clough's alleged bias against appellant. Appellant's first assignment of error is overruled.
In her second assignment of error, appellant argues that her conviction was against the manifest weight of the evidence because the record is devoid of any evidence of physical injury to Clough.
In order for a court of appeals to reverse a trial court's judgment on the basis that a jury verdict is against the manifest weight of the evidence, the appellate court must unanimously disagree with the fact finder's resolution of any conflicting testimony. State v. Thompkins (1997), 78 Ohio St.3d 380, 389. The standard for reversal for manifest weight of the evidence has been summarized as follows:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
Thompkins at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172,175. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Appellant was convicted of assault under R.C. 2903.13(A), which states that "[n]o person shall knowingly cause or attempt tocause physical harm to another * * *." (Emphasis added.) R.C.2901.01(A)(3) defines "physical harm" as "any injury, illness, or other physiological impairment, regardless of its gravity orduration." (Emphasis added.)
After thoroughly reviewing the record, we find that the jury neither lost its way nor created a manifest miscarriage of justice in finding appellant guilty of assault. First, there is evidence that during her verbal exchange with Clough, appellant made the statement "I want to hurt you damned!" In State v. Striley
(1985), 21 Ohio App.3d 300, we held that where a defendant directed a remark toward another individual to the effect that "if she tries to bust him for anything, she'll be bumming," such was sufficient to constitute at least a threat of physical harm under the statutory definition of "physical harm."
Second, there is evidence that appellant grabbed Clough and shook her. "Regardless of whether any of these acts produced noticeable injuries on the body of the victim, they were nevertheless designed to be injurious and are sufficient to constitute physical harm regardless of their gravity or duration." State v.Arnwine (Sept. 5, 1989), Warren App. No. CA88-11-076, unreported, at 3-4. Finally, Clough testified that following the incident, she was sore, could not sleep all night, and felt "really awful."
In light of all of the foregoing, we find that appellant's conviction for assault was not against the manifest weight of the evidence. Appellant's second assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.
[1] Appellant states that she was charged with both assault and disorderly conduct. While the pretrial notices list both offenses, the record before us shows that appellant was only charged with assault in the criminal complaint and that she was only found guilty of assault by the jury. As a result, we will only consider the assault charge against appellant.
[2] Appellant inexplicably states that while the jury found her guilty of assault, the trial court found her guilty of disorderly conduct. This is not in the record before us. The language of the entry sentencing appellant and the original sentence itself unequivocally show that the trial court sentenced appellant for assault, a misdemeanor of the first degree. See R.C. 2917.11(E) and 2929.21(B)(4), (C)(4), and (D).
[3] Appellant inexplicably asserts that the trial court granted the state's motion over defense counsel's objection. Appellant fails to identify in the record the basis for her assertion. The record before us is devoid of any ruling on the motion by the trial court either by entry or orally.
[4] Had the motion in limine been granted, it would have been incumbent upon appellant to seek the introduction of the evidence at trial by proffer. See State v. Grubb (1986),28 Ohio St.3d 199, 203.