DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court of Common Pleas, Juvenile Division, that adjudicated appellant Cleo W. to be a delinquent child in violation of R.C. 2903.21, aggravated menacing, and imposed sentence. For the reasons that follow, the judgment of the trial court is modified to reduce the finding to one of delinquency by reason of menacing.
Appellant sets forth the following assignments of error:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY FINDING HIM GUILTY OF AGGRAVATED MENACING WHERE DEFENDANT-APPELLANT DID NOT KNOWINGLY CAUSE AN APPREHENSION OF SERIOUS BODILY HARM IN THE ALLEGED VICTIM.
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY FINDING HIM GUILTY OF AGGRAVATED MENACING WHERE THERE WAS NO APPREHENSION OF SERIOUS BODILY HARM IN THE ALLEGED VICTIM."
The undisputed facts that are relevant to the issues raised on appeal are as follows. In October 1999, fourteen-year-old Cleo was in the eighth grade at Jackson Junior High School. Cleo was enrolled in the school's special education program. On October 11, 1999, Cleo fell asleep in his English class. Cleo's teacher, Arlene Thompson, told him to stand in the back of the classroom but Cleo refused, so Thompson sent him to the principal's office with a note explaining what had taken place. Thompson later told Scott Matheny, the principal, that as Cleo was leaving the classroom she heard him mutter the word "bitch." Matheny spoke to Cleo about the profanity and Cleo denied making the comment. Matheny gave Cleo a Saturday detention and Cleo returned to Thompson's classroom.
The following day, Thompson instructed Cleo's class to write in their journals using the sentence starter "When people lie to me, I * * *." Cleo wrote the following in his journal and handed it in to Thompson:
 "When people do not tell me the truth I will kill them or I will put a cap in them. Like this if you lie like a bitch you will be kill like a bitch. But I hate people when they do like me they and I are in a battle of word. My self-control is fuck up. You can't stop me when I am out of control."
After Thompson read Cleo's journal entry, she showed it to Matheny. Cleo subsequently was charged with delinquency by reason of inciting panic but, prior to commencement of trial on November 30, 1999, the state moved the court to amend the complaint to allege delinquency by reason of aggravated menacing. Appellant did not object and the motion was granted.
In a decision filed December 3, 1999, the magistrate found that the journal is a communication between teacher and student; that Cleo knew Thompson would read his journal; that the journal entry suggested serious physical harm, and that Cleo knowingly caused Thompson to believe that he would cause her serious physical harm. The magistrate recommended that Cleo be adjudicated a delinquent child by reason of aggravated menacing. On December 9, 1999, appellant filed objections to the magistrate's decision. On February 4, 2000, the trial court sustained and adopted the magistrate's decision. At his dispositional hearing on March 3, 2000, appellant was ordered to write a letter of apology, attend anger management counseling and complete the juvenile court's intervention program. It is from that judgment that appellant appeals.
In his first assignment of error, appellant asserts that he did not knowingly cause his teacher to believe that he would cause her serious physical harm.
R.C. 2903.21, aggravated menacing, provides:
 "(A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person * * *.
 "(B) Whoever violates this section is guilty of aggravated menacing, a misdemeanor of the first degree." [Emphasis added.]
"Knowingly" is defined in R.C. 2901.22(B) as follows:
 "(B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. * * * "
Appellant asserts that he did not know his journal entry would be taken as a threat. Thompson testified, however, that the students regularly wrote in their journals and handed them in to her. It is clear from reviewing Cleo's journal, which was admitted into evidence, that it was an established means of communication between teacher and student. On this occasion, Cleo wrote the entry in his journal and gave it to Thompson as he had done numerous other times. A review of the journal shows that after each of Cleo's previous entries, Thompson responded with her own comments and questions. Based on our review of the journal and the evidence presented at the hearing, we find that there was sufficient evidence for the magistrate to find that when Cleo wrote about killing people who lie to him, he was aware of the result his actions would probably cause. Accordingly, appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that the evidence was insufficient to support the trial court's finding that Thompson feared serious physical harm after reading the journal entry.
"Sufficiency" applies to a question of law as to whether the evidence is legally adequate to support a verdict as to all elements of an offense. Id. Upon review of the sufficiency of the evidence to support a criminal conviction, an appellate court must examine
 "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
The state presented the testimony of Arlene Thompson, who described how she felt upon reading Cleo's journal entry. Thompson stated that when she read Cleo's journal she definitely believed the words were a "serious enough" threat directed toward her because of the events of the previous day in class. She testified further that when she read the journal entry she was not afraid Cleo would try to kill her but she feared "physical harm."
The words Cleo wrote in his journal were angry and clearly suggested acts of violence. Thompson's testimony, however, did not indicate that she feared "serious physical harm" at the hands of Cleo. In State v. Striley (1985), 21 Ohio App.3d 300, the Twelfth District held that, where a witness testifies that he interpreted a defendant's statements as a threat of "some physical harm," the evidence is insufficient to prove "serious physical harm" as required by R.C. 2903.21. In this case, Thompson did not testify that she was afraid Cleo would kill her or cause serious physical harm. This court certainly does not condone threats or overt acts of violence by students in the school setting. Teachers and students have a right to feel safe in their schools. In the case before us, however, the state did not present sufficient evidence from which, when viewed in a light most favorable to the prosecution, any rational trier of fact could have found that appellant caused Arlene Thompson to believe that he would cause her serious physical harm as required by R.C.2903.21, aggravated menacing. Accordingly, appellant's second assignment of error is well-taken.
Upon further consideration, however, we find that the record does support a finding of delinquency by reason of menacing in light of Thompson's testimony that, upon reading Cleo's journal entry, she was afraid of "physical harm." R.C. 2903.22, menacing, provides that:
 "(A) No person shall knowingly cause another to believe that the offender will cause physical harm to the person * * *."
This court finds that the evidence presented in the trial court clearly satisfies the statutory definition of menacing as set forth in R.C. 2903.22. We are therefore further guided by App.R. 12(B), which provides as follows:
 "[u]pon a finding that the appellant is entitled to judgment * * * the court of appeals shall reverse the judgment * * * and render the judgment * * * that the trial court should have rendered, or remand the cause to the court with instructions to render such judgment."
Accordingly, this court reverses the trial court's judgment as to the offense of aggravated menacing and renders judgment against appellant for menacing pursuant to R.C. 2903.22.
On consideration whereof, this court finds that appellant was prejudiced and the judgment of the Erie County Court of Common Pleas, Juvenile Division, is modified to reduce the finding of delinquency by reason of aggravated menacing to a finding of delinquency by reason of menacing in violation of R.C.2903.22. This matter is remanded to the trial court for proceedings consistent with this opinion and for resentencing. Costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.