[Cite as *Cleveland v. Mojsoski*, 2012-Ohio-4589.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97762**

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## JONCE MOJSOSKI

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2011 CRB 011831

**BEFORE:** Celebrezze, P.J., S. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** October 4, 2012

**ATTORNEY FOR APPELLANT**

Michael K. Webster
800 Standard Building
1370 Ontario Street
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Barbara A. Langhenry
Interim Director
City of Cleveland
Department of Law
601 Lakeside Avenue
Room 106
Cleveland, Ohio   44114-1077

Victor R. Perez
Chief Prosecutor
Angela Rodriguez
Assistant City Prosecutor
The Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Defendant-appellant, Jonce Mojsoski, appeals his conviction in the Cleveland Municipal Court for menacing, in violation of Cleveland Codified Ordinances 621.07. After careful review of the record and relevant case law, we affirm appellant's conviction.

{¶2} Appellant and the alleged victim, Elena Zladeska, were married on June 4, 2009. Appellant and Zladeska were citizens of the Republic of Macedonia. On February 15, 2011, appellant and Zladeska were scheduled to appear before the Cuyahoga County Court of Common Pleas, Domestic Relations Division, for a hearing relating to their divorce proceedings. Prior to the hearing, Zladeska was waiting in the courthouse hallway for her attorney to arrive when appellant suddenly approached her and stated, "I'll kill you," while making a gesture with his hand.

{¶3} On April 11, 2011, a criminal complaint was filed against appellant for aggravated menacing, in violation of Cleveland Codified Ordinances ("CCO") 621.06. The criminal complaint was filed as a result of the events that occurred on February 15, 2011. On June 8, 2011, appellant, having been advised of his rights, entered a plea of not guilty.

{¶4} On November 4, 2011, appellant's case proceeded to a jury trial. At the conclusion of trial, appellant was found guilty of the lesser included offense of menacing, in violation of CCO 621.07. On November 21, 2011, appellant was sentenced to pay a fine in the amount of $250 plus court costs.

**{¶5}** On December 19, 2011, appellant filed this timely appeal, raising three assignments of error for review:

> I. The trial court erred in instructing the jury on the lesser included offense of menacing.

> II. The trial court's findings were against the manifest weight of the evidence, and therefore, should be reversed.

> III. The trial court committed prejudicial error by prohibiting appellant from providing testimony regarding his possible deportation in the event of his conviction.

## Law and Analysis

### I. Jury Instruction on Lesser Included Offense

**{¶6}** In his first assignment of error, appellant argues that the trial court erred in instructing the jury on the lesser included offense of menacing.

**{¶7}** The trial court's decision whether to instruct the jury on a lesser included offense will not be reversed absent an abuse of its discretion. *State v. Mitchell*, 53 Ohio App.3d 117, 119-120, 559 N.E.2d 1370 (8th Dist.1988). An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶8}** A jury instruction on a lesser included offense is only appropriate where "the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser included offense." *State v. Douglas*, 3d Dist. No. 9-05-24, 2005-Ohio-6304, ¶ 20, citing *State v. Thomas*, 40 Ohio St.3d 213, 216, 533 N.E.2d 286 (1988). Thus, "if the evidence is such that a jury could reasonably find the defendant not guilty of the charged offense, but could convict the defendant of the lesser

included offense, then the judge should instruct the jury on the lesser offense." *Shaker Hts. v. Mosely*, 113 Ohio St.3d 329, 333, 2007-Ohio-2072, 865 N.E.2d 859, ¶ 11, citing *State v. Shane*, 63 Ohio St.3d 630, 590 N.E.2d 272 (1992).

{¶9} It is well established that menacing is a lesser included offense of aggravated menacing. *State v. Striley*, 21 Ohio App.3d 300, 303, 488 N.E.2d 499 (12th Dist.1985). The sole difference between the two offenses is the degree of harm threatened — aggravated menacing requires evidence of "serious physical harm,"[1] while menacing merely requires "physical harm."[2]

{¶10} Accordingly, an instruction on menacing would be required if the jury could have reasonably found that appellant knowingly caused or attempted to cause Zladeska physical harm, rather than serious physical harm. Thus, the issue before us is whether, based on the evidence presented at trial, the jury could have reasonably found that appellant knowingly caused Zladeska to believe that he would cause her physical harm, rather than serious physical harm.

{¶11} R.C. 2901.01(A)(5) defines serious physical harm to a person as any one of the following:

> (a)   Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

---

[1]Aggravated menacing is controlled by CCO 621.06, which states, in relevant part:   (a) No person shall knowingly cause another to believe that the offender will cause *serious physical harm* to the person or property of such other person or member of his or her immediate family.   (Emphasis added.)

[2]Menacing is controlled by CCO 621.07, which states, in relevant part:   (a) No person shall knowingly cause another to believe that the offender will cause *physical harm* to the person or property of such other person or member of his or her immediate family.   (Emphasis added.)

(b)   Any physical harm that carries a substantial risk of death;[3]

(c)   Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;

(d)   Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;

(e)   Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

{¶12} In contrast, R.C. 2901.01(A)(3) defines "physical harm to persons" as "any injury, illness, or other physiological impairment, regardless of its gravity or duration."

{¶13} On review of the record in its entirely, we find that the trial court did not abuse its discretion in instructing the jury on the lesser included offense of menacing. Throughout the trial, defense counsel maintained that, under the circumstances of the alleged threat, it was unreasonable for Zladeska to fear serious physical harm. Furthermore, although Zladeska testified that appellant's threat "scared her," the state produced minimal testimony to establish the element of serious physical harm as opposed to physical harm.

{¶14} In light of the testimony produced at trial, we find that it was not unreasonable for the jury to conclude that the state failed to prove the element of serious physical harm beyond a reasonable doubt. However, establishing reasonable doubt on

_____

[3]A substantial risk is "a strong possibility, as contrasted with a remote or even significant possibility, that a certain result may occur or that certain circumstances exist."   R.C. 2901.01(A)(8).

the element of serious physical harm did not preclude a finding of physical harm under the same circumstances.

{¶15} Thus, we conclude that where, as here, there is sufficient evidence that a threat occurred and the defendant's theory of defense creates reasonable doubt as to the element of serious physical harm, it is appropriate for the trial court to instruct the jury on the lesser included offense of menacing.

{¶16} Based on the foregoing, we find that the evidence was such that the jury could have reasonably concluded that appellant did not cause Zladeska to believe that he would cause her serious physical harm, but could conclude that appellant did cause her to believe that he would cause physical harm.

{¶17} Appellant's first assignment of error is overruled.

## II. Manifest Weight of the Evidence

{¶18} In his second assignment of error, appellant argues that his menacing conviction was against the manifest weight of the evidence, and therefore, should be reversed.

{¶19} The manifest weight of the evidence standard of review requires us to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Otten*, 33 Ohio App.3d 339, 515 N.E.2d 1009 (9th Dist.1986), paragraph one of the syllabus. The discretionary power to grant a new trial should be exercised only in exceptional cases where the

evidence weighs heavily against the conviction. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541.

{¶20} We are mindful that the weight to be given the evidence and the credibility of the witnesses are matters primarily for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The trier of fact has the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest." *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964). "The choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." *State v. Awan*, 22 Ohio St.3d 120, 123, 489 N.E.2d 277 (1986).

{¶21} As stated, appellant was convicted of menacing, in violation of CCO 621.07. In order to secure appellant's menacing conviction, the state was required to prove that he knowingly caused Zladeska to believe that he would cause physical harm to her or her property or such other person or member of her immediate family.

{¶22} In the instant matter, we are unable to conclude that this is the exceptional case in which the evidence weighs heavily against appellant's conviction. At all times relevant to this case, Zladeska's allegations against appellant were consistent. Zladeska testified that while she and appellant were in the courtroom hallway prior to their divorce proceeding, appellant became upset and told Zladeska, "I will kill you. You will see. I will kill you." When asked what she thought would happen, Zladeska stated, "I saw him, anger in his eyes. It was scary. I can't explain it visually and verbally. It was anger in his eyes when he says, 'I will kill you.' It scared me."

{¶23} Despite appellant's argument to the contrary, the fact that the jury determined that his threat amounted to a threat of "physical harm" as opposed to "serious physical harm" does not warrant the conclusion that his conviction was against the manifest weight of the evidence. The jury, as trier of fact, was in the best position to assess the credibility of the witnesses. On receiving the menacing jury instruction from the trial court, the jury was free to weigh the testimony of Zladeska and determine that the threats made by appellant constituted menacing, rather than aggravated menacing.

{¶24} Deferring to the trial court's assessment of the credibility of the witnesses, as we must, we cannot say that the trier of fact lost its way and performed a miscarriage of justice in convicting appellant of menacing.

{¶25} Appellant's second assignment of error is overruled.

### III. Exclusion of Deportation Testimony

{¶26} In his third assignment of error, appellant argues that the trial court committed prejudicial error by prohibiting him from providing testimony regarding his possible deportation in the event of his conviction.[4] Appellant contends that testimony relating to his possible deportation was relevant evidence that demonstrated Zladeska's motivation to fabricate her allegations against him.

{¶27} We agree with appellant that information relating to a victim's motivation to fabricate allegations in a criminal complaint is relevant evidence. However, pursuant to

---

[4] We note that appellant attempted to introduce testimony relating to Zladeska's motive to fabricate the allegations against him during the defense's case in chief. Defense counsel did not attempt to cross-examine Zladeska regarding any potential bias or motivation she had to fabricate her allegations.

Evid.R. 403(A), "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." The Ohio Supreme Court has defined unfair prejudice as "that quality of evidence which might result in an improper basis for a jury decision." *State v. Crotts*, 104 Ohio St.3d 432, 2004-Ohio-6550, 820 N.E.2d 302, ¶ 24. "When considering evidence under Evid.R. 403, the trial court is vested with broad discretion and an appellate court should not interfere absent a clear abuse of that discretion." *State v. Allen*, 73 Ohio St.3d 626, 633, 653 N.E.2d 675 (1995).

**{¶28}** In the case at hand, the trial court excluded appellant's request to introduce evidence of his possible deportation if convicted based on its belief that such information would only serve to confuse the ultimate issues for the jury. We agree. Generally,

> "[a] jury is not to consider the punishment that will follow as a consequence of its verdict. * * * In reaching its verdict, a jury should consider only whether the defendant's guilt has been satisfactorily established in accordance with the law and the facts; it should not consider the consequences of its verdict, either in terms of the punishment that will be visited upon the defendant if he is convicted, or in terms of the risk he may pose to society if he is not."

*State v. Moore*, 2d Dist. No. 94-CA-46, 1995 Ohio App. LEXIS 4317, *8-9 (Sept. 29, 1995), quoting *State v. Luoma*, 2d Dist. No. 10719, 1990 Ohio App. LEXIS 5333 (Dec. 7, 1990), *7-8.

**{¶29}** Here, appellant failed to present the trial court with any information sufficient to warrant his belief that Zladeska fabricated the allegations against him with the intent to have him deported. Rather, appellant's theory of defense was premised on pure speculation and unfounded inferences. Under these circumstances, we are unable to

conclude that the probative value of evidence relating to appellant's potential deportation outweighed the potentially prejudicial nature of such evidence, including the possibility of confusing the ultimate issues for the jury. *See* Evid.R. 403(A). Accordingly, we find that the trial court did not abuse its discretion in prohibiting appellant from providing testimony regarding his possible deportation in the event of his conviction.

{¶30} Appellant's third assignment of error is overruled.

{¶31} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR