THE STATE OF OHIO, APPELLEE, *v.* BEATY, APPELLANT.

[Cite as State v. Beaty (1975), 45 Ohio App. 2d 127.]

(Nos. 548 and 549—Decided July 21, 1975.)

APPEALS: Court of Appeals for Clermont County.

*Mr. Robert Jones, Mr. David H. Feldhaus,* and *Mr. Steven Boller,* for appellee.
*Messrs. Griffin & Fletcher,* for appellant.

CRAWFORD, J. Defendant, Charles R. Beaty was charged in two indictments, alleging that he did on or about the 7th day of April, 1974, knowingly cause or attempt to cause physical harm to Vernon M. Alexander and Paul G. Miller, respectively, by means of an automatic pistol, a deadly weapon, as defined in Section 2923.11 Ohio Revised Code in violation of that section.

The two cases arose out of the same episode and were tried together.

It appears that on April 7, 1974, defendant was at the home of his mother, Ruth Beaty, on Williams Drive in Clermont County. The complaining witnesses, Vernon M. Alexander and Paul G. Miller, were in the rear yard of Miller's house, which abuts the rear yard of Ruth Beaty's house, and were in the process of emptying an above-ground swimming pool. An old dispute was revived as to the method of emptying the pool, Ruth Beaty claiming that the water ran over her property.

She entered her house and returned with her son, the defendant, who had in his possession an automatic pistol. He threatened to kill both the complaining witnesses. He fired two shots in the direction of Miller and one in the di-

rection of Alexander. No one was struck. Defendant claims he was only trying to scare Miller and Alexander, not trying to hit them, and that he was an expert marksman.

R. C. 2903.11, under which defendant was charged, reads: ''Felonious Assault

''(A) No person shall knowingly:

''(1) Cause serious physical harm to another;

''(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance as defined in Section 2923.11 of the Revised Code.

''(B) Whoever violates this section is guilty of felonious assault, a felony of the second degree.''

The court charged on this section and also on the two succeeding sections, R. C. 2903.12 and 2903.13, which read as follows:

(R. C. 2903.12) Aggravated Assault.

''(A) No person, while under extreme emotional stress brought on by serious provocation reasonably sufficient to incite him into using deadly force, shall knowingly:

''(1) Cause serious physical harm to another;

''(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance as defined in Section 2923.11 of the Revised Code.

''(B) Whoever violates this section is guilty of aggravated assault, a felony of the fourth degree.''

(R. C. 2903.13) Assault.

''(A) No person shall knowingly cause or attempt to cause physical harm to another.

''(B) No person shall recklessly cause serious physical harm to another.

''(C) Whoever violates this section is guilty of assault, a misdemeanor of the first degree.''

In each case defendant was found not guilty of felonious assault, but guilty of aggravated assault.

He contends that the court should also have charged on aggravated menacing, as provided in R. C. 2903.21, which he claims is a lesser included offense in a charge of felonious assault. Such section reads:

''Aggravated Menacing.

"(A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person or member of his immediate family.

"(B) Whoever violates this section is guilty of aggravated menacing, a misdemeanor of the first degree."

There is a question whether defendant made a timely request for such a charge. At the close of the general charge the court asked counsel for defendant:

"On behalf of the Defendant, is there anything that the court has omitted or that you wish the court to charge further on?"

Defense counsel answered: "Nothing further, your honor."

After the jury had retired from the courtroom, defense counsel said:

"The additional charge requested by the defendant was that a charge on the crime of aggravated menacing, Section 2903.21 was requested by the defendant, and subject charge was not given by the court."

We have searched the briefs and the record in vain for such a request. We do not find that defendant complied with Criminal Rule 30, which provides in part:

"No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection."

Nevertheless, we now proceed to consider whether such a charge should have been given, if timely requested. Defendant argues that he fired the gun in order to scare the complainants. We do not find a direct statement to that effect in his testimony, but perhaps he intended the implication. If the evidence showed that he did so act and with such purpose, he might have been charged and convicted of aggravated menacing, under R. C. 2903.21.

The crucial question is whether aggravated menacing under R. C. 2903.21 is a lesser included offense under a charge of felonious assault, as defined in R. C. 2903.11.

The proper test is stated in *State* v. *Kuchmak* (1953), 159 Ohio St. 363, as follows:

"Where the elements of a separate offense are present with others in the offense charged in an indictment, such separate offense is a lesser included offense." (Paragraph 2 of the syllabus.)

Likewise, in *State* v. *Hreno* (1954), 162 Ohio St. 193, the court said:

"An offense is a lesser included offense, where all the elements of such offense are present with others in the offense charged in an indictment." (Paragraph two of the syllabus.)

Neither felonious assault (R. C. 2903.11), for which defendant was indicted, aggravated assault (R. C. 2903.12), of which he was found guilty, nor assault (R. C. 2903.12) —upon all three of which the court charged—contains the element described in aggravated menacing (R. C. 2903.21), in these words:

"* * * knowingly cause another to believe that the offender will cause serious physical harm to the person or property of such other person or member of his immediate family."

The essence of this idea is recognized in the following language from appellant's brief:

"The only difference between the offense charged and the offense on which the defendant-appellant requested an instruction is that in the offense charged the essential element is 'attempt to cause physical harm,' and in the offense on which the defendant-appellant requested an instruction, the essential element is that the defendant caused another person to believe that the offender would cause him serious physical harm."

Causing another person so to believe is not an element of any of the offenses upon which the court charged. Therefore, it cannot be classified as a lesser included offense. The same principle is applied in *State* v. *Loudermill* (1965), 2 Ohio St. 2d 79, where, in a murder case, the court followed the well established practice of charging on the lesser included offense of manslaughter. Of course, as stated in

*Loudermill* and *State* v. *Eaton* (1969), 19 Ohio St. 2d 145, the evidence must justify such a charge. However, it does not follow that evidence of a lesser offense not included in the principal offense being tried will justify a charge on such lessor, but unincluded offense.

The offense of aggravated menacing is a lesser offense than that alleged in the indictment, or than the others upon which the court charged, but all of its elements were not contained in those greater offenses, and it, therefore, is not included therein. Therefore, the court properly declined to charge upon it.

In considering lesser included offenses, it is important to bear in mind that,

"If in a criminal case the evidence adduced on behalf of the defense is such that if accepted by the trier of the facts it would constitute a complete defense to all substantive elements of the crime charged, the trier will not be permitted to consider a lesser included offense." *State* v. *Nolton* (1969), 19 Ohio St. 2d 133 (syllabus); *State* v. *Fox* (1972), 31 Ohio St. 2d 58.

In both of those cases the defense was self-defense, against charges of shooting to wound and second degree murder, respectively. The same principle would apply if the defense were an alibi. However, no such complete or all embracing defense is involved in our present case.

No error prejudicial to the defendant appearing in the record, the judgment will be affirmed.

*Judgment affirmed.*

BUZZARD, P. J., and HOLMES, J., concur.

BUZZARD, P. J., retired, of the Court of Common Pleas of Columbiana County, and CRAWFORD, J., retired, of the Second Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Constitution.

HOLMES, J., of the Tenth Appellate District, sitting by designation in the First Appellate District.