JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Thomas Guddy (date of birth June 5, 1981) appeals from his bench trial conviction for the offense of aggravated menacing in violation of R.C. 2903.21.[1] For the reasons adduced below, we affirm.
{¶ 2} A review of the record on appeal indicates that Guddy was indicted and tried for the offense of felonious assault in violation of R.C. 2903.11.[2] His co-defendant, Roger Jones, was tried at the same time, and convicted, for felonious assault with a firearm specification. See State v. Jones (May 23, 2002), Cuyahoga App. No. 80191.
{¶ 3} The state's case consisted of the testimony of Raeanna Rosinski, Mark Sawyer, his cousin, Michelle Sawyer, and Cleveland Police Officer Joseph Sedlack.[3] The separate defense for defendant-appellant Guddy had no witnesses. The separate defense for co-defendant Jones consisted of the testimony of that co-defendant.
{¶ 4} The altercation in issue began on the evening of June 6, 2001, and continued into the early morning hours of June 7, 2001. On that evening, it was thought that Donald Reel had stolen some money belonging to Raeanna Rosinski. Rosinski, Michelle Sawyer, and Mark Sawyer (the victim herein, Rosinski's boyfriend, and the cousin of Michelle Sawyer) drove to Reel's home to retrieve the money. When the trio arrived at Reel's home, they were confronted by Reel and appellant, who were armed with a baseball bat and a metal pipe. Mark Sawyer, with the assistance of his cousin, retrieved a baseball bat from the car which had brought the trio to the home. The men then dropped their weapons for a period of time and argued over the return of the money. Appellant then ran around to the side of the house and returned with an unloaded pistol. Appellant placed the pistol up to the side of the victim's head, issued a threat to kill the victim, and pulled the trigger. The victim struck the appellant's gun hand, causing appellant to drop the gun. According to the victim, appellant then picked up a baseball bat. Tr. 111. The victim then "walked real fast" toward the front of the car. Id. As he did so, appellant swung the bat at the turned victim. Id. at 111-112. The victim testified on cross-examination by Guddy's defense counsel that his elbow was grazed, or "nipped," by the bat in the possession of Guddy. Tr. 120-121. The victim and Rosinski then got into the car in which they had arrived and drove around the corner, leaving Ms. Sawyer at the Reel house.
{¶ 5} Ms. Sawyer testified that her cousin drove away because appellant had picked up her baseball bat and had swung it at the victim. Tr. 173-174. Contrary to the victim's testimony, she stated that her cousin was not struck by the bat. As her cousin and Rosinski drove away, she observed Roger Jones climb the backyard fence of the Reel house, pick up the firearm which appellant had been holding to the victim's head, insert ammunition into the pistol, and, accompanied by Reel and appellant, head off in the direction in which the victim had driven away. As the victim and Rosinski, who had parked around the corner, returned on foot to get the victim's cousin from the Reel house, the trio of Reel, appellant, and Jones, approached the victim. Jones then fired three shots at the victim who was, at that moment, turned from Jones. One of the shots struck the victim in the back, and the remaining two shots struck the victim in the back of his legs.
{¶ 6} At the close of the trial, appellant was convicted, not of felonious assault, but "the lesser offense of aggravated menacing." Tr. 302.
{¶ 7} Following the preparation of a pre-sentence investigation report, the court sentenced Guddy to six months imprisonment, which was ordered suspended with credit for jail time, one year of supervised probation, plus court costs.
{¶ 8} This appeal presents three assignments of error for review.
{¶ 9} The first assignment of error provides:
 {¶ 10} I. THE TRIAL COURT ERRED IN CONVICTING MR. GUDDY OF AGGRAVATED MENACING BECAUSE AGGRAVATED MENACING IS NOT A LESSER INCLUDED OFFENSE OF FELONIOUS ASSAULT.
{¶ 11} Appellant's argument centers on his belief, which is correct, that the offense of aggravated menacing is not a lesser included offense of the offense of felonious assault. See State v. Beaty (1975),45 Ohio App.2d 127, syllabus, 1975 Ohio App. LEXIS 5798; State v.Pondexter (Mar. 2, 1995), Cuyahoga App. No. 66741, 1995 Ohio App. LEXIS 758; State v. Clark (Dec. 24, 1987), Cuyahoga App. No. 53224, 1987 Ohio App. LEXIS 10214. This is so because the offense of aggravated menacing "contains the additional element of causing apprehension, which is not contained in the crime of felonious assault." State v. Thompson (Mar. 24, 1998), Franklin App. No. 97APA04-489, 1998 Ohio App. LEXIS at 7. A "lesser included offense" is but one of three types of offenses included within the overall group of lesser offenses. State v. Deem (1988),40 Ohio St.3d 205, paragraph one of the syllabus, 1988 Ohio LEXIS 459.
{¶ 12} While the crime of aggravated menacing is not a lesser included offense of felonious assault, it may constitute a lesser offense for a trier-of-fact as both (1) an attempt to commit the crime charged and (2) an "inferior degree" of the indicted offense. Id. An offense is an inferior degree of the indicted offense,
 {¶ 13} . . . where its elements are identical to or contained within the indicted offense, except for one or more additional mitigating elements.
{¶ 14} Id. at paragraph two of the syllabus; see, also, Statev. Hairston (Cuyahoga, 1997), 121 Ohio App.3d 750, 754-755.
{¶ 15} In the present case, the elements of aggravated menacing and felonious assault overlap for the elements of (1) knowingly and (2) serious physical harm to another. Furthermore, aggravated menacing contains the additional mitigating element of apprehension on the part of the victim. Accordingly, aggravated menacing is an inferior degree offense of the indicted offense of felonious assault.
{¶ 16} The first assignment of error is overruled.
{¶ 17} The second assignment of error provides:
 {¶ 18} II. THE TRIAL COURT ERRED IN DENYING MR. GUDDY'S MOTION FOR ACQUITTAL WHEN THE STATE FAILED TO PRESENT SUFFICEIENT (SIC) EVIDENCE THAT MR. GUDDY COMMITTED FELONIOUS ASSAULT.
{¶ 19} In this assignment appellant argues that the trial court erred in not granting his motion for acquittal because there was insufficient evidence to demonstrate that he committed felonious assault with the gun when he placed it against the victim's head and dry fired the weapon on an empty chamber.[4]
{¶ 20} This alleged error is not demonstrated in the record. In fact, the record reflects that the trial court granted Guddy's motion for acquittal on felonious assault involving the use of the pistol, continuing to consider only felonious assault involving the use of the baseball bat. See Tr. 221.
{¶ 21} The second assignment of error is overruled.
{¶ 22} The third assignment of error provides:
 {¶ 23} III. MR. GUDDY'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
{¶ 24} In this final assignment, appellant argues that his conviction for aggravated menacing is against the manifest weight of the evidence.
{¶ 25} The standard of review for a criminal case involving manifest weight of the evidence was recently stated by this court, as follows:
 {¶ 26} In determining whether a criminal conviction is against the manifest weight of the evidence, this court must examine the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of the witnesses to determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice. State v. Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. This court should grant a new trial only in an exceptional case in which the evidence weighs heavily against the conviction. State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. If the jury's verdict is supported by sufficient, competent and credible evidence going to each essential element of the crime charged, this court may not reverse. Id.
{¶ 27} State v. Thompson (May 16, 2002), Cuyahoga App. No. 79938, 2002 Ohio App. LEXIS 2351 at 7-8.
{¶ 28} The evidence indicates that appellant picked up a baseball bat. The victim observed this act and began to retreat toward the car in which he had arrived. This act of retreating in the face of the threat posed by the bat-wielding appellant is evidence of the victim's apprehension toward the appellant and possible serious physical injury. While the victim's back was turned, appellant swung the bat at the victim. The victim testified that the bat grazed his elbow, causing a bruise.
{¶ 29} After reviewing the entire record in this case, weighing the evidence and all reasonable inferences and considering the credibility of the witnesses, we cannot conclude that in resolving conflicts in the evidence, the court clearly lost its way and created a manifest miscarriage of justice. Therefore, this assignment of error is not well taken.
{¶ 30} The third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., and ANNE L. KILBANE, J., CONCUR.
[1] {¶ a}R.C. 2903.21, aggravated menacing, states in pertinent part the following:
 {¶ b} (A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family.
 {¶ c} (B) Whoever violates this section is guilty of aggravated menacing. Except as otherwise provided in this division, aggravated menacing is a misdemeanor of the first degree. * * *
[2] {¶ a} R.C. 2903.11, felonious assault, states in pertinent part the following:
 {¶ b} (A) No person shall knowingly do either of the following:
 {¶ c} (1) Cause serious physical harm to another or to another's unborn;
 {¶ d} (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance. * * *
[3] Officer Sedlack responded to the scene and investigated it as a shooting. He did not search for a baseball bat. The Officer was also involved with the subsequent arrest of Roger Jones.
[4] Appellant does not argue that the trial court erred in not granting the motion to acquit on the offense of felonious assault involving the use of the baseball bat.