OPINION
{¶ 1} Appellant Jeffrey Swanson pleaded guilty to one count of simple assault and one count of aggravated menacing. He was sentenced in the Mahoning County Court of Common Pleas to two jail terms of three months each, to be served consecutively. Appellant argues that the two charges are allied offenses of similar import, and that the trial court did not have authority to impose consecutive sentences for these crimes. We disagree with Appellant's contention. The crimes are not allied offenses of similar import, and thus, this argument is not persuasive. Appellant also argues that the court abused its discretion in denying his application for probation. It is clear from the record on appeal, however, that he was placed on probation by the trial court on June 3, 2005, and therefore, this argument is moot. Because neither argument made on appeal has merit, the judgment of the trial court is affirmed.
 {¶ 2} On November 18, 2004, Appellant was indicted on one count of felonious assault, a second degree felony, and one count of aggravated robbery, a first degree felony. The charges arose out of an incident on June 15, 2004, in which Appellant assaulted John Washabaugh by punching him in the nose. Appellant admits on appeal that this assault occurred. Mr. Washabaugh sustained serious injury and had to be taken to the hospital. Mr. Washabaugh also claimed that his wallet had been stolen during the incident.
 {¶ 3} On February 25, 2005, Appellant entered into a Crim.R. 11 plea agreement. He pleaded guilty to one count of assault pursuant to R.C. § 2903.13(A), a first degree misdemeanor; and one count of aggravated menacing pursuant to R.C. § 2903.21(A), also a first degree misdemeanor. A sentencing hearing took place on April 22, 2005. The court filed its sentencing entry on April 26, 2005. The court sentenced Appellant to three months of incarceration at the Mahoning County Justice Center for each count, to be served consecutively, for a total of six months. This timely appeal was filed on May 4, 2005.
 {¶ 4} Also on May 4, 2005, Appellant filed a motion for stay of execution of sentence with the trial court, which was overruled the next day. On May 12, 2005, Appellant filed a motion for stay of execution of sentence with this Court. On June 2, 2005, we granted his motion for stay of execution. On June 8, 2005, Appellant filed a motion to withdraw his request for stay of execution because on June 3, 2005, the trial court had granted him probation.
 ASSIGNMENT OF ERROR NO. 1 {¶ 5} "THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO MERGE THE OFFENSES OF ASSAULT IN VIOLATION OF OHIO REVISED CODE SECTION 2903.13(A), A MISDEMEANOR OF THE FIRST DEGREE AND AGGRAVATED MENACING IN VIOLATION OF OHIO REVISED CODE SECTION2903.21(A), A MISDEMEANOR OF THE FIRST DEGREE FOR PURPOSES OF SENTENCING."
 {¶ 6} Appellant contends that R.C. § 2941.25(A) prohibits a trial court from sentencing a defendant for allied offenses of similar import. R.C. § 2941.25(A) states:
 {¶ 7} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 8} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 9} The phrase "allied offenses of similar import" means that the elements of two crimes correspond to such a degree that one crime cannot be committed without also committing the other.State v. Jones (1997), 78 Ohio St.3d 12, 13, 676 N.E.2d 80. The Ohio Supreme Court has held that, "[t]he double jeopardy protections afforded by the federal and state Constitutions guard citizens against * * * cumulative punishments for the `same offense.'" State v. Rance (1999), 85 Ohio St.3d 632, 634,710 N.E.2d 699. Pursuant to Rance, when determining whether offenses are allied offenses of similar import under R.C. §2945.21(A), "the statutorily defined elements of offenses that are claimed to be of similar import are compared in theabstract." Id. at paragraph one of the syllabus.
 {¶ 10} Appellant pleaded guilty to assault, R.C. §2903.13(A), which states:
 {¶ 11} "(A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn."
 {¶ 12} He also pleaded guilty to aggravated menacing, R.C. §2903.21(A), which states:
 {¶ 13} "(A) No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."
 {¶ 14} As a preliminary matter, we note that Appellant is prohibited from raising this argument on appeal because he pleaded guilty to the two offenses in question. This Court has previously held that a defendant who pleads guilty to multiple charges cannot challenge the sentences on appeal based on the theory of allied offenses of similar import:
 {¶ 15} "* * * Appellant entered into a plea bargain in which he agreed to plead guilty to two separate crimes. As part of the plea bargain, the prosecutor agreed to drop the force specification in the original rape charge, which carried a potential life sentence. This guilty plea was accepted by the trial court. A guilty plea waives all appealable errors except for a challenge as to whether the defendant made a knowing, intelligent and voluntary acceptance of the plea. State v.Spates (1992), 64 Ohio St.3d 269, 272-273, 595 N.E.2d 351. Appellant is not arguing that his plea was involuntary, and thus, he has no other argument to pursue on appeal with respect to his guilty plea." State v. Hooper, 7th Dist. No. 03 CO 30,2005-Ohio-7084, at ¶ 17.
 {¶ 16} In Hooper, the defendant was originally charged with the rape of a child under thirteen years old, including a force specification, which carried a life sentence. The defendant later entered into a plea bargain in which the force specification was removed, reducing the rape charge to a first degree felony punishable by up to ten years in prison. The plea agreement also added a charge of gross sexual imposition, a third degree felony punishable by up to five years in prison. The court imposed maximum consecutive sentences, resulting in a 15-year prison term. On appeal, the defendant made the same argument that Appellant is making here, namely, that the trial court was required to merge the sentences because the crimes were allied offenses of similar import. Hooper found no merit in the defendant's argument and affirmed the trial court judgment, in part due to Appellant's waiver of the issue by the very fact of entering into the plea agreement. The Hooper case notes that, "it is disingenuous for Appellant to enter into a plea bargain * * * and then to complain on appeal that he cannot be sentenced for the additional charge that was part of the plea bargain." Id. at ¶ 20.
 {¶ 17} Hooper also stands for the proposition that this sentencing issue relating to allied offenses of similar import is waived if not timely raised with the trial court. Id. at ¶ 18. Just as in Hooper, Appellant in this case failed to raise the issue at trial. Although Appellant would like this Court to apply the plain error rule, it is clear from Hooper that the alleged error is not the type to which the plain error rule applies. It is clear from the record, however, the trial court made no error in this case, plain or otherwise.
 {¶ 18} Addressing Appellant's actual argument, a review of the caselaw does not reveal any authority specifically stating that simple assault is or is not an allied offense of similar import to aggravated menacing. Many cases, though, have determined that felonious assault is not an allied offense or lesser included offense of aggravated menacing. "[A]ggravated menacing is not a lesser included offense with regard to felonious assault[.]" State v. Brooks (1989),44 Ohio St.3d 185, 189, 542 N.E.2d 636; see also, State v. Beaty (1975),45 Ohio App.2d 127, 130, 341 N.E.2d 622; State v. Taylor (April 24, 1996), 4th Dist. No. 95CA601. The reason that the two crimes are not allied offenses is because one involves the actual infliction of physical harm, while the other refers to actions which cause apprehension that physical harm will occur. "[A] charge of aggravated menacing contains an element of causing apprehension not contained in a charge of felonious assault, so the crime of aggravated menacing is not a lesser included offense of felonious assault." State v. Morris (1982),8 Ohio App.3d 12, 15, 455 N.E.2d 1352. As Appellee argues, it is certainly possible that a person could cause physical harm without any proof that there was prior apprehension of the harm (such as sneaking up behind someone and hitting them on the head). It is equally possible that a person could cause an apprehension of harm without inflicting actual harm. The same rationale that has led many courts to conclude that felonious assault and aggravated menacing are not allied offenses or lesser included offenses applies equally well to simple assault and aggravated menacing.
 {¶ 19} For these reasons, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. 2 {¶ 20} "THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S APPLICATION FOR PROBATION."
 {¶ 21} Appellant acknowledges that the trial court had discretion to impose either incarceration or probation, but further argues that the court was required to consider the sentencing guidelines contained in R.C. § 2929.22(B) before imposing a sentence. Appellant contends that the trial court did not consider the appropriate sentencing factors. It appears from Appellant's own filings with this Court, though, that the trial court has already placed Appellant on probation. On June 8, 2005, Appellant filed a motion with this Court to withdraw a prior motion for stay of execution of sentence. Appellant states: "it is submitted that the Defendant was released from incarceration and placed on probation * * * on June 3, 2005." Appellant notes that his motion of stay of execution became moot at that time. For the same reason that his motion for stay of execution became moot, this second assignment of error is also moot as Appellant has already received the relief he was seeking, even though the trial court's jurisdiction to grant probation once a notice of appeal has been filed is questionable, at best.
 {¶ 22} Because neither of Appellant's assignments of error have merit, the judgment of the trial court is affirmed.
Donofrio, P.J., concurs.
Vukovich, J., concurs.