*379 Cupp, J.,
dissenting.
{¶ 68} I respectfully dissent from the majority’s decision.
{¶ 69} The punishment to which Underwood agreed and that the trial court imposed — two years’ imprisonment — was within the statutory range of permissible sentences for Underwood’s crime. Thus, his two-year sentence was “authorized by law” within the meaning of R.C. 2953.08(D)(1), precluding his appeal of it. The majority is incorrect in asserting that to so conclude means that “jointly recommended sentences imposed within the statutory range but missing mandatory provisions, such as postrelease control * * * would be unreviewable” under R.C. 2953.08(D)(1). Our decisions have made abundantly clear that a sentence without mandatory postrelease control is not “authorized by law.” See, e.g., State ex rel. Cruzado v. Zaleski, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 21. The state and the defendant cannot agree to a sentence that lacks mandatory postrelease control and thereby insulate it from appellate review under R.C. 2953.08(D)(1).
{¶ 70} By contrast, merger of allied offenses of similar import, while required by R.C. 2941.25(A), is not of such fundamental importance that it may not be waived or forfeited by a defendant. See, e.g., State v. Comen (1990), 50 Ohio St.3d 206, 211, 553 N.E.2d 640 (declining to consider defendant’s allied-offenses argument because he did not object in the trial court to the failure to merge the offenses).
{¶ 71} I therefore agree with Justice O’Donnell’s view expressed in his dissenting opinion that the sentence involved here was “authorized by law” for purposes of R.C. 2953.08(D)(1) and is not subject to appeal.
{¶ 72} In addition, apart from any R.C. 2953.08(D)(1) concerns, principles of waiver are potentially applicable to the situation of this case. Although the state argued in the court of appeals that Underwood had “waived” any claim of error by agreeing to the sentence, the state did not make a specific waiver argument for the appellate court’s consideration. It therefore is not surprising that the court of appeals did not address this point, and it is debatable whether the state can now rely on a waiver argument that it did not specifically make below. Nevertheless, as the state points out in its reply brief, waiver is the intentional relinquishment or abandonment of a right, as opposed to forfeiture, which is a failure to preserve an objection. See State v. Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 23.
{¶ 73} Underwood’s agreement to the sentence here should be characterized as a specific waiver of the ability to challenge the sentence. See State v. McCausland, 124 Ohio St.3d 8, 2009-Ohio-5933, 918 N.E.2d 507, syllabus (a defendant waives the right to present a closing argument when he or she neither requests a *380 closing argument nor objects to its omission); State v. Pasqualone, 121 Ohio St.3d 186, 2009-Ohio-315, 903 N.E.2d 270, ¶ 13-21 (a defendant who does not exercise the opportunity to demand the testimony of a laboratory analyst under R.C. 2925.51 waives his right to cross-examine the analyst).
Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Kelly D. Madzey, Assistant Prosecuting Attorney, for appellant.
{¶ 74} A defendant who specifically bargains for and agrees to a sentence does more than fail to preserve an objection to the sentence, and therefore rather than forfeiting any objection, he affirmatively waives it. See State v. Hooper, 7th Dist. No. 03 CO 30, 2005-Ohio-7084, 2005 WL 3610335, ¶ 18, a case not involving an agreed sentence, in which the Seventh District Court of Appeals held that sentencing issues related to allied offenses of similar import are waived if not timely raised with the trial court. The court in that case noted the incongruity of a defendant’s position in agreeing to a plea bargain but arguing on appeal that he “cannot be sentenced for the additional charge that was part of the plea bargain.” Id. at ¶ 20. See also State v. Antenori, 8th Dist. No. 90580, 2008-Ohio-5987, 2008 WL 4951248, ¶ 6 (“by voluntarily entering his guilty pleas to two separate offenses, defendant waived any argument that the same constituted allied offenses of similar import”).[5] If a defendant who pleads guilty to allied offenses when there is not an agreed sentence waives the right to make an allied-offenses argument on appeal, a defendant who agrees to accept a sentence as part of a plea bargain certainly waives the right to argue allied offenses in challenging his sentence.
{¶ 75} Moreover, if this process is viewed as a waiver, then a plain-error analysis is unwarranted. See Payne, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, at ¶ 23 (a waived right cannot be the basis for a claim of plain error under Crim.R. 52(B)); State v. Swanson, 7th Dist. No. 05 MA 79, 2006-Ohio-4957, 2006 WL 2716400, ¶ 17 (although appellant urged that plain-error analysis should apply, appellant’s failure to raise his allied-offenses argument at trial when pleading guilty meant “that the alleged error is not the type to which the plain error rule applies”). Although it would have been helpful for the issue of waiver to have been more cleanly presented in this case, waiver is an additional reason that the judgment of the court of appeals should be reversed.
(¶ 76} For these reasons, I dissent.
Lundberg Stratton, J., concurs in the foregoing opinion.
*381 Timothy Young, Ohio Public Defender, and Claire R. Cahoon, Assistant Public Defender, for appellee.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Alexandra T. Schimmer, Chief Deputy Solicitor General, and Robert Kenneth James, Assistant Solicitor, urging reversal for amicus curiae Attorney General of Ohio.

. This court accepted the defendant’s discretionary appeal on the proposition of law addressing the waiver issue in State v. Antenori, (ease No. 2009-0290), stayed briefing, and held it for decision in this case. See 121 Ohio St.3d 1499, 2009-Ohio-2511, 907 N.E.2d 323.